(7 Misc. Rep. 415.)

PEOPLE ex rel. GENTILESCO v. BOARD OF EXCISE COM'RS.

(Common Pleas of New York City and County, Special Term. February, 1894.)

INTOXICATING LIQUORS—TRANSFER OF LICENSE.

Laws 1893, c. 480, § 43, provides that no person who shall not have been licensed before the passage of the act shall thereafter be licensed to sell liquors in any building not used for hotel purposes, and for which a license does not exist at the time of the passage of the act, which shall be on the same street and within 200 feet of a building occupied exclusively as a church or school, but that a license may be transferred from premises within such limits to other premises within said limits. *Held*, that a license existing at the time of the passage of the act cannot be transferred to premises within 200 feet of a church or school.

Application by Guiseppe Gentilesco for certiorari to review the decision of the board of excise commissioners refusing to transfer a liquor license. Denied.

James J. Walsh, for petitioner.
Edward Browne, for respondent.

PRYOR, J. The application of Guiseppe Gentilesco for a transfer of a saloon liquor license from No. 19 Cherry street to No. 100 Bayard street, in the city of New York, was rejected by the board of excise commissioners, "for the reason that the place for which said transfer of license is sought is on the same street with, and having its nearest entrance within, two hundred feet of the nearest entrance to a building occupied exclusively as a school, and that said premises were not licensed at the time of the passage of chapter 480 of the Laws of 1893." The determination of the question in dis-

pute, namely, whether the board denied the application "arbitrarily or without good and valid reason," depends upon the construction of the following provisions in the act regulating the sale of intoxicating liquors:

"Sec. 43. Restrictions as to Licenses near Churches and Schools. No person or persons who shall not have been licensed prior to the passage of this act, shall hereafter be licensed to sell strong or spirituous liquors, wines, ale or beer, in any building not used for hotel purposes, and for which a license does not exist at the time of the passage of this act, which shall be on the same street or avenue and within two hundred feet of a building occupied exclusively as a church or schoolhouse. The measurements shall be taken from the centre of the nearest entrance of the building used for such church or school purposes to the centre of the nearest entrance of the place for which an application for a license has been made; provided, however, that a board of excise may, in its discretion, grant permission, in the manner herein provided, to transfer a license from premises within the limits above mentioned to other premises within said limits, but at a greater distance from the principal entrance of a church or school."

The concession of fact is that, prior to the passage of this act, the petitioner had been licensed for a saloon at No. 19 Cherry street, that at the time of its passage no license existed for a saloon at No. 100 Bayard street, the premises to which a transfer of license is solicited, and that these premises, not used for hotel purposes, are on the same street and within 200 feet of a building occupied exclusively as a schoolhouse.

The petitioner contends that, inasmuch as he had been licensed prior to the passage of the act, he is excepted from its terms, and so from its prohibition. That his case is not within the express language of the law is a proposition to which I assent, but that because he is not within the letter he is exempt from the operation of the statute is an argument without support in legal principle. "It is an established rule in the exposition of statutes that the intention of the lawgiver is to be deduced from a view of the whole, and of every part, of a statute; and the real intention, when accurately ascertained, will always prevail over the literal sense of terms." 1 Kent, Comm. 461; People v. McClave, 99 N. Y. 83, 89, 1 N. E. 235. "It is a familiar canon of construction that a thing which is within the intention of the makers of a statute is as much within the statute as if it were within the letter; and a thing which is within the letter of a statute is not within the statute, unless it be within the intention of the makers." Riggs v. Palmer, 115 N. Y. 506, 509, 22 N. E. 188. "It is the duty of judges to make such a construction as should suppress the mischief and advance the remedy." 1 Kent, Comm. 465. The obvious purpose of the enactment is to seclude the church and the schoolroom from the baneful proximity of the saloon,—a beneficent policy to which, by a liberal construction of the law, the courts should be auxiliary. But if, as the petitioner argues, the possession of a license for another place before the passage of the act entitles him to a transfer within the forbidden precincts, then manifestly the hallowed ground is subject to invasion by similar saloon keepers from all parts of the city. And yet, even when one already has a license for premises within the limits, he

may transfer it only to a greater distance from the protected building. In the act under discussion the intention of the lawgiver is plain beyond the possibility of mistake. It is that, while saloons already licensed within 200 feet of a church or school may be continued, the approach of no other saloon shall be permitted within the privileged locality. Upon this construction of the statute no vested interest of the petitioner is invaded. The right to continue his saloon in Cherry street is not denied or impaired, and before the passage of the act he had no license to maintain a saloon on the premises to which he now desires a transfer. But, even had he such license, the legislature might revoke it without violation of the constitutional guaranty. Beer Co. v. Massachusetts, 97 U. S. 25; Stone v. Mississippi, 101 U. S. 814; Butchers', etc., Co. v. Crescent, etc., Co., 111 U. S. 746, 4 Sup. Ct. 652; Bish. Cont. § 564. The inference is that the phraseology of the statute was inaptly employed to express the legislative intent, rather than purposely chosen to frustrate the cherished policy of the law. Order denied.