The People ex rel. Thomas Cairns, Respondent, *v.* Joseph Murray et al., as Commissioners of the Board of Excise of the City of New York, Appellants.

1. Intoxicating Liquors — License to Sell near Schoolhouse. Under section 43 of the Excise Law, as amended by chapter 480, Laws of 1893, which provides that " No person or persons who shall not have been licensed prior to the passage of this act, shall hereafter be licensed to sell strong or spirituous liquors, wines, ale and beer, in any building \* \* \* for which a license does not exist at the time of the passage of this act, which shall be on the same street or avenue and within 200 feet of a building occupied exclusively as a church or schoolhouse," the power to grant a license is restricted to the case of a person who had been licensed for the purpose stated at the place in question within the prohibited limit previous to the passage of the act and whose license was in force when the law was enacted, and does not extend to a person who, at the time of the passage of the act, was licensed at another place.

172     People ex rel. Cairns v. Murray.     [Jan.,

Statement of case.     [Vol. 148.

2. Schoolhouse. A building erected and used for a school does not fail to come within the designation of "a building occupied exclusively as a schoolhouse" merely because the teachers or some of them reside in it.

*People ex rel.* v. *Murray* (13 Misc. Rep. 522), reversed.

(Argued January 6, 1896; decided January 14, 1896.)

Appeal from order of the General Term of the Superior Court of the city of New York, made the first Monday of June, 1895, which reversed upon certiorari a determination of the board of excise of the city of New York, and directed the issuance of a writ of peremptory mandamus.

The facts, so far as material, are stated in the opinion.

*Alfred R. Page* for appellants. The applicant not having been licensed at this place prior to the passage of the Excise Law, the board of excise could not grant his application. (Laws of 1892, chap. 401, § 43; Laws of 1893, chap. 480; *Comm.* v. *Alger*, 7 Cush. 84; *Thorpe* v. *R. & B. R. R. Co.*, 27 Vt. 140; *Bertholf* v. *O'Reilly*, 74 N. Y. 521; *Slaughter House Cases*, 16 Wall. 36; *Mugler* v. *Kansas*, 123 U. S. 623; *Wynehamer* v. *People*, 13 N. Y. 378.) The statute should be so construed as to suppress the mischief and advance the remedy. (*People ex rel.* v. *Bd. of Excise*, 27 N. Y. Supp. 983.) That the applicant was licensed at another place does not remove the disability. (*People ex rel.* v. *Bd. of Excise*, 27 N. Y. Supp. 983.) There is no property right in an excise license, nor any right to a renewal thereof. (*Bd. of Excise* v. *Barrie*, 34 N. Y. 667; Laws of 1892, chap. 401, §§ 25, 26; *Alger* v. *Weston*, 14 Johns. 231; *Koehler* v. *Olsen*, 68 Hun, 63.)

*Emanuel J. Myers* for respondent. The exclusion of the liquor traffic within 200 feet of a church or schoolhouse does not apply to a building for which a license existed at the time of the passage of the act. (*Wynehamer* v. *People*, 13 N. Y. 378; *People* v. *Bd. of Excise*, 7 Misc. Rep. 415; *People* v. *Rosenberg*, 138 N. Y. 410; *Lecht* v. *Bd. of Excise*, 19 N. Y. Supp. 1; *Fitzgerald* v. *Quann*, 109 N. Y. 441; 23 Am. &

Eng. Ency. of Law, 378 ; *Riggs* v. *Palmer*, 115 N. Y. 506 ; *People ex rel.* v. *Lacombe*, 99 N. Y. 43.) The court will construe the statute to mean that any persons who were licensed to sell liquors at the time of its passage are entitled to a license for a building within 200 feet of a church or a schoolhouse. (*Mayor* v. *Thorne*, 7 Paige Ch. 261 ; *Yick Wo* v. *Hopkins*, 118 U. S. 356.) The relator was entitled to the license because the edifice under charge of the Sisters of Charity was not occupied exclusively as a schoolhouse. (*Merritt* v. *Portchester*, 71 N. Y. 309 ; *Shattuck* v. *Bascom*, 105 N. Y. 39.) The relator complied with and satisfied all the statutory requirements. The ground assigned in denial of his application being insufficient, the decision of the board of excise was properly overruled. (*Licht* v. *Bd. of Excise*, 19 N. Y. Supp. 1.)

O'Brien, J. The order appealed from reversed, upon certiorari, the determination of the board of excise of the city of New York rejecting the relator's application for a saloon license, under the statute, to sell strong and spirituous liquors and wines upon certain premises at No. 700 Third avenue, in that city. The order of reversal also directed the board to issue the license to the relator, and that a peremptory writ of mandamus issue commanding the board to grant the relator's application by delivering to him the license in the form prescribed by law, upon compliance by him with the conditions specified in the statute. There is no dispute in regard to the facts, and the question presented is one of law with respect to the powers and duties of the commissioners of excise. It appeared that for upwards of forty years, prior to the time of the relator's application, the saloon business had been conducted at the place in question, under license from the boards of excise, which authorized the sale of liquors and wines by the several licensees down to the 6th of April, 1895. On that day the license of the then occupant, one Thomas B. Nugent, expired, but the relator had previously purchased his interest in the business, including the unexpired license and good will, and had procured from the owner of the premises a lease of

the same for ten years. The relator, intending to carry on the same business, applied to the board on the 19th of April, 1895, for the necessary license to authorize the sale of liquors and wines on the premises. The application was in writing, in due form, and it is conceded that all the requisite preliminary formalities prescribed by the statute were complied with. The relator presented the bond required by statute, and made the formal proof of his qualifications to receive the license, with respect to residence, citizenship and character. It further appeared that the relator had for many years prior to this application been engaged in the business of retailing strong and spirituous liquors and wines at various other places in the city, and was so engaged at the time of the application at another place, under license from the board. There was no opposition, protest or objection from any source to the application.

The board, however, denied the application and refused the license upon the sole ground that the relator was not licensed at the premises in question prior to April 29, 1893, and that the place was on the same street with, and its nearest entrance within two hundred feet of the nearest entrance to a building occupied exclusively as a school. The learned court below assumed the existence of the facts upon which the application was denied, and they are now admitted except the exclusive character of the occupation of the building as a school, which will be noticed hereafter. The question is whether upon these facts the board had any power to grant the license which the relator applied for, at the place in question, and that depends upon the construction which should be given to the forty-third section of the statute which regulates the sale of intoxicating liquors, and prescribes the powers and duties of the boards of excise. (Laws of 1892, chapter 401, as amended by Laws of 1893, chapter 480, § 43.) The provision of the law upon which the board based its refusal to grant the application reads as follows :

"No person or persons who shall not have been licensed prior to the passage of this act shall hereafter be licensed

to sell strong or spirituous liquors, wines, ale and beer in any building not used for hotel purposes and for which a license does not exist at the time of the passage of this act, which shall be on the same street or avenue and within two hundred feet of a building occupied exclusively as a church or school house."

This language should, of course, receive a fair and reasonable interpretation, and the real intention and policy of the legislature, when ascertained, should be given effect. At the time of the passage of the act, the relator was not licensed at the place in question, but at another place in the city, and his counsel contends that the prohibition in this section against granting licenses within two hundred feet of a school does not apply to him. We think that this construction of the statute is not the correct one. It is manifest that the general purpose of the legislature was to prohibit the licensing of saloons within two hundred feet of a school, but for obvious reasons it made an exception in favor of parties who were engaged in the business, at such prohibited places, at the time of the passage of the act, under an existing license. When the act went into effect there doubtless were cases where parties were engaged in the saloon business in cities at places within two hundred feet of a school. It was thought to be harsh and unjust to break up their business and drive them away when their annual license expired, and hence the purpose was to except them from the sweeping terms of the prohibition. We may safely assume that there were places, within the prohibited limit, when the act was passed, that had been leased and fitted up at considerable cost for the purpose of conducting the saloon business. In such cases the power to renew the license, from time to time, was left with the board; but when the licensee, who was thus established when the law took effect, abandoned the business, the prohibition became absolute as to all new applicants. The language is not entirely clear, but the thought intended to be expressed evidently was that, after the law took effect, no person should be licensed to keep a saloon within two hundred feet of a school except a person

who had been licensed for that purpose and at that place, previous to its passage, and whose license was in force when the law was enacted. The contention of the relator's counsel, that places within the prohibited districts may still be licensed, provided the applicant had been licensed at another place at the time of the passage of the act, would frustrate every useful purpose which the legislature had in view when inserting the prohibition in the statute. By restricting the power to grant licenses to such places to the persons established there when the act was passed, the saloon within the specified limit of a school would disappear entirely in a comparatively short period of time, while to permit a license to be granted to any one who had previously been licensed at any other place, would as effectually perpetuate it as if the section had never been passed. The section applies to a building occupied *exclusively* as a church or school house. The building in question was erected for the purpose of a parochial school. It had been used for that purpose since the time of its erection, but as the Sisters of Charity who had charge of the school also resided in the upper rooms of the building, or some of them, the learned counsel for the relator suggests that the section is not applicable. This point was overruled by the court below, and we think properly. A building erected and used for the purpose of a school is not given any other character than that of a school house by the mere fact that the teachers, or some of them, reside in it. A school or a college building may have in it rooms or apartments for the use of the students and teachers, and it would still be a building occupied exclusively as a school house within the meaning of the statute. Such use of rooms or parts of the building is incidental to the process of education, and is just as clearly within the policy of the law as if the entire structure was used exclusively for school rooms.

The order of the General Term should be reversed and the determination of the board of excise affirmed, with costs.

All concur, except BARTLETT, J., not voting, and VANN, J., not sitting.

Ordered accordingly.