(16 Misc. Rep. 398.)

### PEOPLE ex rel. CLAUSEN v. MURRAY et al.

(Supreme Court, Special Term, New York County. March, 1896.)

1. INTOXICATING LIQUORS—BUILDINGS LICENSED—DISTANCE FROM SCHOOL.

Under the statute prohibiting the granting of a license to sell strong or spirituous liquors in any building on the same street and within 200 feet of a building occupied exclusively as a schoolhouse, the distance to be meas-

ured from the center of the nearest entrance of the school building to the center of the nearest entrance of the place for which the license is solicited, a license is rightfully refused for a building on the same street with a schoolhouse, the entrance to the former, though on another street, being still within the prohibited proximity.

2. SAME—EXCLUSIVE USE OF BUILDING FOR SCHOOL.

A building used exclusively for school purposes, except that certain persons, not teachers in the school, but teachers by profession, and members of the brotherhood by which the building is owned and the school conducted, live therein, and pay for their board, is "occupied exclusively as a schoolhouse," within the meaning of such statute.

(Syllabus by the Court.)

Certiorari to review the action of the excise board in refusing a liquor license to relator.    Dismissed.

Samuel Untermeyer, for relator.

Julius M. Mayer, for respondents.

PRYOR, J.    Upon the return to a writ of certiorari to review the action of the excise board in refusing a liquor license to the relator, the facts are not in dispute, and the controversy involves only the construction of this provision of the statute, namely: "No person * * * shall be licensed to sell strong or spirituous liquors, etc., in any building * * * which shall be on the same street or avenue and within two hundred feet of a building occupied exclusively as * * * a schoolhouse" (Laws 1893, c. 480, § 43); the distance to be ascertained by measurement from the center of the nearest entrance of such building to the center of the nearest entrance of the place for which the license is solicited.    In view of its obvious policy in protecting the school against the evil influences of the saloon, the statute should be so expounded as to accomplish its benign intent, and to that end be accorded a literal or a liberal interpretation as may most effectually avert the apprehended mischief. People v. Murray, 148 N. Y. 171, 173, 42 N. E. 584;  People v. Excise Board, 7 Misc. Rep. 415, 417, 27 N. Y. Supp. 983.    The prohibition is explicit and imperative that no license is allowable for a saloon on the same street and within 200 feet of a schoolhouse.    In this instance the schoolhouse and the saloon are on Fifty-Eighth street, and are separated by less than the requisite distance.    The case, then, is within the terms of the enactment.    But the relator insists that, as the entrance to the saloon is on Sixth avenue, the actual predicament is not within the policy of the law.    Were the court authorized, upon pretense of construction, to nullify a plain and peremptory provision of the statute by imputing to the legislature a meaning contradictory of its language, still, I do not perceive that the situation is exempt from the evil against which the enactment is a studious safeguard.    The schoolhouse and the saloon are on the same street, and the entrance to the latter, though on another street, is still within the prohibited proximity.    That entrance may be out of view, but access to the saloon is not the less easy and inviting, and I cannot say that the scenes of vice and disorder of which it may be the provocation will not be of disturbance and detriment to the inmates of the schoolhouse.

But the presence of a saloon in proximity to a building is prohibited only when the building is "occupied exclusively as a school-house," and the relator contends that the house in question is not so occupied. What is the exclusive occupancy intended by the statute? Obviously, an occupancy for a different and independent purpose; for a purpose having no relation to the use of the building as a school-house. If the additional use of the building be incidental only, and no way inconsistent with its primary and paramount use as a school-house; if the additional use be under the control of the school authorities, and instrumental to the end of imparting instruction; if it be so trivial and insignificant as not to detract from the pervading character of the building as a resort for learning,—then surely such use does not abolish the exclusive occupancy intended by the statute. The fact of which the relator affirms that it forfeits this exclusive occupancy is that seven persons, not teachers in the school, live in the building, and pay for their board. But these persons are teachers by profession, and members of the brotherhood by which the building is owned and the school conducted. They prosecute their studies in the building. They pay for their subsistence only, and the money goes to the support of the school. The fund so paid is the wages of teaching, and is expended in the interest of teaching. And, finally, the residence and maintenance of these teachers in the building is an essential principle in the system of economy by which the school is supported and administered. To what other use than to promote the interests of education can it be said with reason that the building is appropriated? "A school building may have in it rooms for the use of the students and teachers, and it would still be occupied exclusively as a school-house within the meaning of the statute. Such use of parts of the building is incidental to the process of education, and is just as clearly within the policy of the law as if the entire structure was used exclusively for school room." People v. Murray, 148 N. Y. 175, 176, 42 N. E. 584. Indisputably, under the administrative system of the Christian Brotherhood, the boarding in its buildings of members who teach in other schools is an incident of its process of education. I conclude, therefore, that the occupancy by the seven persons of the building in question leaves it still essentially nothing but a schoolhouse.

Writ discharged, and proceeding dismissed.