(18 Misc. Rep. 343)

### PEOPLE ex rel. SWEENEY v. LAMMERTS, County Treasurer.

(Supreme Court, Special Term, Erie County. July 28, 1896.)

1. INTOXICATING LIQUORS—LICENSE OF PREMISES NEAR DWELLINGS.

The provision of Laws 1896, c. 112, § 17, subd. 8, that a certificate authorizing the sale of liquor in premises within 200 feet of buildings occupied exclusively as dwellings may be granted without the consent of the owners of such buildings, if the liquor business was actually carried on in the premises at the time the act took effect, does not apply where the business was discontinued before application for a certificate was made, though it was actually carried on in the premises when the act took effect.

2. SAME—PREMISES NEAR CHURCH.

A lot owned by a church society, on which a building had been commenced, but was not completed, is not within Laws 1896, c. 112, § 24, subd. 2, prohibiting the sale of intoxicating liquors in premises "within 200 feet of a building occupied exclusively as a church."

Certiorari by John Sweeney to review the determination of John C. Lammerts, as county treasurer of the county of Niagara, in refusing to issue to relator a liquor tax certificate. Dismissed.

Augustus Thibaudeau, for plaintiff.
George W. Knox, for defendant.

TITUS, J.　The questions here presented arise on the petition of the plaintiff for a writ of certiorari to John C. Lammerts, as county treasurer of Niagara county, and his return thereto.　From these papers it appears:　That the premises known as "601 Main Street, Niagara Falls," have been for a number of years last past occupied for the purpose of carrying on the business of a retail liquor dealer, and the person so occupying such premises was regularly licensed by the board of excise of the city of Niagara Falls, and that this was the situation on the 23d day of March, 1896, when chapter 112, entitled "An act in relation to traffic in liquors," was passed.　At that time the premises were owned by Ellen Hawley, and were occupied by Thomas W. Mingay, who held the license and carried on the business. That he continued to carry on that business and occupy the premises until about the 2d of April last, when for some reason he abandoned the premises.　That thereafter an arrangement was made between him and the landlord by which he resumed his business, and continued therein until the 11th day of June following, when he abandoned the business of saloon keeping, and quit possession of the premises.　That thereafter, and on the 12th day of June, 1896, as appears from the petition, Sweeney, the relator, leased the premises from Ellen Hawley, the owner, for the purpose of carrying on and conducting a saloon and retail wine and liquor business.　That the relator has entered into agreements for the fitting up of the place as a saloon, and is ready to enter upon said business whenever he can procure a liquor tax certificate of the defendant, required by chapter 112 of the Laws of 1896, known as the "Liquor Tax Law."　That, on or about the 15th day of June, Mingay, the licensee, applied to the defendant, Lammerts, county treasurer of Niagara county, for permission to transfer his license to John Sweeney, the relator. That the defendant, Lammerts, would not transfer said certificate without the consent of two-thirds of the owners of dwellings within the prescribed limits being executed and filed as required by the statute, and nothing further was done thereunder, and the license expired by limitation on June 30th.　On the 30th day of June the plaintiff made an application for a liquor tax certificate, accompanied by the statement required by the act, and gave the required bond, and offered to pay the defendant the amount to which he would be entitled for the balance of the year.　That the defendant, Lammerts, refused to give the tax certificate; placing his refusal upon the grounds that the place for which the liquor tax certificate is asked is within 200 feet of property owned by a church association, and upon which there is a church in process of erection, and that the place for which the liquor tax certificate is asked is within 200 feet of the nearest entrance to buildings occupied exclusively for dwellings, and the owners' consents not having been obtained and filed as required by law.

It is undisputed that, within 200 feet of the premises where the business is proposed to be carried on, there are a number of build-

ings occupied exclusively for dwellings, and the consents of the own-ers of such buildings have not been obtained. It is also undisputed that on the same street, and opposite, within 200 feet, is a piece of property belonging to a church society; that no building has been erected, but a church edifice has been commenced, and the founda-tion walls have been laid, and at the time of this application, and for some time previous, work on the building was and had been sus-pended. It is now claimed by the plaintiff that, inasmuch as the premises where the business is proposed to be carried on were at the time of the passage of chapter 112 occupied as a place where traffic in liquor was actually lawfully carried on, he is not required, under the exception to subdivision 8 of section 17 of the act, to procure the consent of two-thirds of the owners of such buildings, and that the prohibition contained in subdivision 2 of section 24 with reference to buildings occupied exclusively as a church has no application to the facts in this case. Section 11 provides:

"Excise Taxes upon the Business of Trafficking in Liquors. Excise taxes upon the business of trafficking in liquors shall be of four grades, and assess-ed as follows."

This section then goes on to provide what tax shall be imposed upon the business in the different cities of this state. If the lan-guage of the law is to be taken literally, the tax is upon the business of the person, and not a license to the person, as was the case under the law of 1892, which required the applicant to be a person of good moral character; and this language is employed through all of the sections of this statute,—"a tax upon the business,"—and is nowhere called a license of the business, or to the person. It is provided by subdivision 8 of section 17 that:

"When the nearest entrance to the premises described in said statement as those in which traffic in liquor is to be carried on, is within two hundred feet of the nearest entrance to a building or buildings occupied exclusively for a dwelling, there shall also be so filed simultaneously with said statement a consent, in writing, that such traffic in liquors be so carried on in said premises during a term therein stated, executed by at least two-thirds of the owners of such buildings within two hundred feet so occupied as dwellings, and acknowledged as are deeds entitled to be recorded, except that such con-sent shall not be required in cases where such traffic in liquor is actually lawfully carried on in said premises so described in said statement when this act takes effect."

Section 24 of the act declares:

"Place in Which Traffic in Liquor shall not be Permitted. Traffic in liquors shall not be permitted: * * * (2) Under the provisions of subdivision 1 of section 11 of this act, in any building, yard, booth or other place which shall be on the same street or avenue, and within two hundred feet of a building occupied exclusively as a church or a school-house. * * * Provided, how-ever, that this prohibition shall not apply to a place which is occupied for a hotel, nor to a place in which such traffic in liquors is actually lawfully car-ried on when this act takes effect; nor to a place which at such date is oc-cupied or in process of construction by a corporation or association which traffics in liquors solely with its members."

By section 43 of chapter 401 of the Laws of 1892 it was provided that:

"No person or persons who shall not have been licensed prior to the passage of this act shall hereafter be licensed to sell strong or spirituous liquors,

wines, ale and beer, in any building not used for hotel purposes, and for which a license does not exist at the time of the passage of this act, which shall be on the same street or avenue and within two hundred feet of a building occupied exclusively for a church or a school-house."

It was held by the court of appeals in People v. Murray, 148 N. Y. 171, 42 N. E. 584, that this section was a prohibition against any person selling liquors in such a place unless the party applying for a license was the same person who had a license, and had occupied the proscribed premises, at the time of the passage of the act. But the legislature, by the act of 1896, seems to have purposely changed the reading of this provision of the law. The language is significant. It reads:

"Place in Which Traffic in Liquors shall not be Permitted. Traffic in liquors shall not be permitted," etc.

This section is a substitute for section 43 of the act of 1892 which the court of appeals, in People v. Murray, supra, had under consideration; and it is manifest that the change made by the legislature was not accidental, but for the purpose of extending the proviso to the premises which had at the time of the passage of the act been occupied for the sale of liquor. It seems to me, it would be doing violence to language to hold that under this section, as it now stands, the only person who occupied the premises under a license at the time the act went into effect could, at that place, carry on the liquor traffic. The provisions of subdivision 8 of section 17, above quoted, were not contained in the act of 1892; and the language used in the exception in this subdivision, relating to places within 200 feet of a building occupied exclusively for a dwelling, is substantially the same as is used in the proviso contained in section 24, relating to churches and schoolhouses, and should have, in my opinion, the same construction.

If I am right in the construction I have placed on this section, then it would not be necessary to procure the consent of two-thirds of the owners of buildings occupied exclusively for dwellings, nor would the provision prohibiting such traffic within 200 feet of a church have any application to this case; for it is undisputed that at the time chapter 112 became a law the premises in question were occupied as a saloon, and traffic in liquors was then actually carried on in that place. Had such traffic been continued down to the time of this application, the relator would be entitled to the relief which he now seeks. It does not seem to me, however, that the conceded fact that a church society owns property within 200 feet, upon which no building has been erected, is within the prohibition. The language of the statute is, "within two hundred feet of a building occupied exclusively as a church"; and, as there is no building there, it cannot be, and is not, occupied as a building for a church, and hence the language of the statute has no application to a case of this kind. It is undisputed that Mingay quit the business of selling liquor at this place on the 11th day of June, and no business has been carried on in the premises since that time. The plaintiff claims that he leased the premises of the owner, and intends to carry on the business, if he can procure a tax certificate from the defendant, and that

the reason he has not occupied the premises since June 11th is that he could not procure the transfer of the former occupant's license, and that he has in fact been in possession of the premises, and, as no other business has been carried on on such premises, it should be considered as still a place where liquors are sold. Mingay quit the business June 11th, and made application for a transfer of his license on June 15th. There is, concededly, a time when no person had any license, excepting Mingay, to carry on the liquor business. I can see no reason why a liberal construction should be given to the restrictive provisions of this act. It was probably intended by the legislature to reduce the number of places in which the liquor traffic was carried on, and to increase the revenues by increasing the tax for doing business, and, in a measure, protect dwellings, schools, and churches from surroundings dangerous to good morals, and tending to disturb the peace and quiet of the neighborhood, by limiting and prohibiting the places where such traffic may be carried on, and the court always furthers the effort of the legislature by giving the statute such a construction as will carry out the legislative intent; and I am constrained to hold, therefore, that, as the business of trafficking in liquors was not continued after the 11th day of June, there was an abandonment of the premises for that purpose, and, before the liquor business can again be carried on in these premises, the party applying for a tax certificate must comply with the provisions of the act, by procuring the consent of two-thirds of the owners of buildings occupied exclusively for dwellings, as provided by subdivision 8 of section 17.

A case somewhat analogous has been recently passed upon by the supreme court of Kings county, in the matter of the application for the revocation of the liquor tax certificate issued to Adolph Samuely. 40 N. Y. Supp. 1106. It appeared that, at the time of the passage of the act, one Basler conducted a liquor business at 108 Union avenue, under a license obtained from the board of excise of the city of Brooklyn; that on April 10, 1896, he gave up the liquor business, and moved away from the premises, and the same remained vacant until June 16, 1896, when Samuely made application and received a liquor tax certificate to carry on the business. An application was then made to the court to cancel the license on the ground that Samuely had not gotten the consent of two-thirds of the owners of the buildings, exclusively used as dwellings, situated within 200 feet of such place of business, as required by subdivision 8 of section 17 of the act. It was there contended that inasmuch as the premises were, at the time of the passage of the act, occupied as a place where liquors were sold, it was not necessary, under the exception contained in subdivision 8, to procure the consent of the owners of buildings used as dwellings. The court held that, when such premises were abandoned by the party occupying them at the time of the passage of the act, no right or franchise remained in the premises themselves. While the learned judge seems to take the view that the premises cannot be occupied by any other than the person holding the license at the time the act took effect, the case is authority upon the question that, when the place has once been abandoned, it loses its privi-

leged character which the act gave it, and must be treated as any other place where this business is sought to be carried on, and falls within the prohibition of the statute.

I am therefore of the opinion that there was an actual abandonment of the business and the premises by the licensee, and that after such abandonment, no matter how short the lapse of time, the privilege attaching to such a place, under the statute, has been lost, and the party asking for a liquor tax certificate must conform to the requirements of subdivision 8 before he is entitled to such certificate. It follows, therefore, that this writ must be dismissed, with costs to the defendant.