(25 App. Div. 428.)

PEOPLE ex rel. BAGLEY v. HAMILTON, Treasurer.

(Supreme Court, Appellate Division, Fourth Department.    February 6, 1898.)

RIGHT TO LIQUOR LICENSE—PROHIBITED DISTRICT.

Under Laws 1897, c. 312, § 24, subd. 2 (Liquor Tax Law), traffic in liquors is not allowed within 200 feet of a church, except where such business was lawfully carried on before March 23, 1896.  One within the proviso of this law abandoned his business two months in 1897, and thereafter leased his premises to a liquor dealer, and applied for a license, which was refused. *Held*, that since it was the intention of the lawmakers to confine the traffic in liquor, and at the same time to protect vested rights, the abandonment worked a forfeiture of the privilege conferred, under the proviso of the statute.

Appeal from special term, Monroe county.

Certiorari by the people on the relation of James W. Bagley, against John B. Hamilton, as treasurer of Monroe county, under Laws 1897 (Liquor Tax Law), c. 312, § 28, to review defendant's action in refusing to grant a liquor tax certificate to relator.    From an order directing the issuance of the certificate, defendant appeals.    Reversed, and writ dismissed.

The facts of the case, concerning which there is no dispute, are as follows, viz.:

On the 23d day of March, 1896, traffic in liquors was actually and lawfully carried on by the occupants of the premises in question, which are situate on the southeast corner of Reynolds street and Bronson avenue, in the city of Rochester, and within 200 feet of a building occupied exclusively as a church. Such traffic was continued down to and including July 1, 1897, when it ceased, and the premises have not since been lawfully used for that purpose.    On the 31st day of August, 1897, the relator leased the premises in question, intending to occupy and use them for the same purpose for which they had been occupied and used by the prior occupant, and to that end applied to the treasurer of Monroe county for a tax certificate on the 1st day of September, 1897.    His application was in due form, and accompanied by the required bond, but it was refused upon the ground that the premises for which a tax certificate was sought were within 200 feet of a building used exclusively as a church.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

C. E. Bostwick and N. N. Stranahan, for appellant.

Sol Wile, for respondent.

ADAMS, J.    It is obvious from a mere reading of the foregoing statement of facts that the sole question to be considered upon this review is the construction which shall be given to certain provisions

of subdivision 2 of section 24 of the liquor tax law. This section, so far as its language is of any importance in this connection, reads as follows:

"Section 24. Traffic in liquors shall not be permitted: \* \* \* (2) \* \* \* within two hundred feet of a building occupied exclusively as a church or schoolhouse; \* \* \* provided however that this prohibition shall not apply to a place which on the twenty-third day of March, eighteen hundred and ninety-six, was lawfully occupied for a hotel, nor to a place in which such traffic in liquors was actually lawfully carried on at that date. \* \* \*"

While it is conceded that the relator's place of business is within 200 feet of a building occupied exclusively as a church, it is nevertheless contended that he brings himself within the exception to the section just quoted by reason of the fact that the business of trafficking in liquors was lawfully carried on upon the same premises at the time the liquor tax law went into operation; and, the fact stated being true, such contention must prevail, unless the privilege granted by the exemption clause was lost in consequence of the abandonment of the business at this particular place for the period of two months subsequent to the time specified in the statute. This statute was doubtless enacted under the police power of the state, and, while its language should receive a just and reasonable construction, the object and intent of its enactment should not be lost sight of. The main object which the legislature had in view was, of course, to confine the traffic in liquors within certain limits, and to surround it with well-defined restrictions. One of these restrictions is that the church or the school shall not be brought into too close proximity to the saloon; hence the limitation of 200 feet. But, while endeavoring to protect the church and school from the demoralizing influence of the saloon, the legislature was at the same time careful to recognize the fact that dealers in liquor might have certain vested rights, which ought not to be interfered with, and therefore it enacted that where, at the time the law went into effect, a party was lawfully engaged in the sale of liquors at any particular place, such traffic might be continued at that place, although it was within the prohibitory terms of the statute. This exception was manifestly designed to protect parties who, under the sanction of former statutes, had incurred the trouble and expense of buying, renting, or fitting up places in which to conduct the saloon business. A provision similar to the one which we are now considering was contained in the act of 1892, as amended by chapter 480 of the Laws of 1893. It is claimed, however, that under that act the privilege was personal in its character, while under the present law it is one which is impressed upon the place, and not the individual. This distinction seems to us somewhat forced, but, whatever merit there is in it, it must be admitted that the concession, whether it be to the person or to the place, is one which is clearly an exception to the general policy of the law, and consequently it is one which should receive a strict interpretation. In a recent case it was said to be "a familiar canon of construction that a thing which is within the intention of the makers of a statute is as much within the statute as if it were within the letter; and a thing which is within the letter of the statute is not within the statute unless it be within

the intention of the makers." Riggs v. Palmer, 115 N. Y. 506–509, 22 N. E. 188. And we have the very best authority for declaring that, when the intention of the lawmakers is once ascertained, it becomes the duty of judges to give such a construction as shall repress the mischief and advance the remedy aimed at. 1 Kent, Comm. 465.

Applying, then, the rule thus stated to the present case, and it becomes our obvious duty to so construe the exceptional provision under consideration as that it will conform, if possible, to the general design and policy of the statute as a whole. We have stated what that policy is, and we think it only remains to show how easily it may be thwarted in order to demonstrate the fallacy of the relator's contention; for, if an abandonment of the traffic in liquors at a particular place for the period of two months does not work a forfeiture of the privilege conferred by the statute, then an abandonment for a much longer period of time would not have that effect; and, with the rule contended for once established, there would apparently be no limitation of time within which a party might claim the privilege of selling liquors at some particular place, provided he could show that somebody else was lawfully engaged in the same business at the same place on the 23d day of March, 1896. Certainly, the legislature could not have intended that the protection sought to be given to our public schools and churches should thus prove to be of so little value. We do not wish to be understood as holding that mere change of proprietorship necessarily works a forfeiture of the privilege conferred by subdivision 2 of section 24. Indeed, we can conceive of cases where the temporary abandonment of the sale of liquors incidental to such a change would be so brief as to constitute no appreciable interruption to the traffic. But where, as in the present case, the business of one proprietor is closed up, and no resumption thereof attempted by his successor for 60 days, we think that, within the spirit of the law, the privilege which it grants must be regarded as surrendered. The views to which we have thus given expression are, as we believe, not only in consonance with every principle of justice and propriety, but they are likewise in harmony with those expressed in numerous instances where a construction of this and similar statutes has been involved. People v. Murray, 148 N. Y. 171, 42 N. E. 584; People v. Board, 7 Misc. Rep. 415, 27 N. Y. Supp. 983; People v. Lammerts, 18 Misc. Rep. 343, 40 N. Y. Supp. 1107, affirmed 14 App. Div. 628, 43 N. Y. Supp. 1161; In re Ritchie, 18 Misc. Rep. 341, 40 N. Y. Supp. 1106; In re Zinzow, 18 Misc. Rep. 653, 43 N. Y. Supp. 714; In re Korndorfer (Sup.) 49 N. Y. Supp. 559.

Our conclusion of the whole matter therefore is that the order appealed from should be reversed, and the writ dismissed, with $50 costs and disbursements to the appellant. All concur.