In the Matter of the Application of HENRY H. LYMAN, Respondent, for an Order Revoking and Canceling Liquor Tax Certificate No. 6080, Granted to HENRY KORNDORFER, Appellant.

*Liquor Tax Law — use for the sale of liquor of a building within the prohibited distance from a church.*

A building rented by an unincorporated society, having a president, vice-president, secretary and treasurer, whose purpose is "to preach and teach the truth, as it is revealed in the Bible, the Word of God," in which building, since July 5, 1896, religious services have been held on Sunday and at stated times during the week, together with Sunday school, at which ministers of the Christian Protestant faith officiate, is a building used exclusively as a church within the meaning of the Liquor Tax Law (Laws of 1896, chap. 112); and where, upon

an application made under section 28 of the law for the cancellation of a certificate upon the ground that the statements contained in the application therefor were untrue, and that the place at which the business was carried on was within the prohibited distance from a building used exclusively as a church, it appears that, although the premises had, under a license granted in May, 1895, been occupied as a saloon up to April 2, 1896, the certificate had then been surrendered, the sale of liquor discontinued, and that the premises had remained vacant for more than a year thereafter, at the expiration of which time they were opened as a hotel by the present occupant, by whom a renewal of the license was obtained, such renewal is in violation of the statutory provision prohibiting the carrying on of the liquor business within 200 feet of a church.

Appeal by Henry Korndorfer from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of November, 1897, revoking and canceling liquor tax certificate No. 6080, granted to Henry Korndorfer.

*William S. Andrews*, for the appellant.

*Royal R. Scott*, for the respondent.

Order affirmed, with twenty-five dollars costs and disbursements, on the opinion of the court below, and on the authority of *People ex rel. Bagley* v. *Hamilton* (25 App. Div. 428).

Present — Van Brunt, P. J., Barrett, Rumsey, Ingraham and McLaughlin, JJ.

The following is the opinion of the court below:

Stover, J. :

This is an application under section 28 of the Liquor Tax Law (Chap. 112, Laws of 1896) for the cancellation of a certificate upon the ground that the statements contained in the application are untrue, and that the place at which the business was carried on was within the prohibited distance of a building used exclusively as a church. The application was verified on the 4th day of June, 1897, for permission to carry on the business at 2013 Boston road. It appears from the testimony that a license had been issued by the old excise board in May, 1895, and that the premises were occupied as a saloon up to April, 1896, when

the license was surrendered, the surrender being on the 2d day of April, 1896. From the time of the surrender down to June 9 or 12, 1897, no liquor traffic was carried on at the place, and the premises were vacant. The premises 2011 Boston road had been used for business purposes up to the 15th of June, 1896, at which time they were hired by the society; on the fifth of July they were opened, and since that time have been used exclusively for religious services, consisting of religious discourses or sermons by laymen and by ministers, the objects and purposes of the society being stated by its officers to be "To preach and teach the truth as it is revealed in the Bible, the Word of God." It is called the West Farms Mission, holding religious services on Sunday, and at stated times during the week, together with Sunday school, at which various ministers of the Christian Protestant faith officiate. Of these facts there is no dispute, but it is claimed by the respondent that the answer stating that the liquor traffic could be legally carried on there was not untrue, because the traffic was being carried on on the 23d of March, 1896. The business proposed to be carried on by the respondent was that of hotelkeeper and not of a saloon keeper. Under the decisions (*Matter of Zinzow*, 18 Misc. Rep. 653, and *People ex rel. Cairns* v. *Murray*, 148 N. Y. 171), whenever the licensee discontinued business the exemption ceased and the place could not obtain a liquor tax certificate. In the case under consideration, business had been suspended for a long time, and in the meantime the premises have been refitted for the purposes of the new business that was to be carried on, so that if the building 2011 was used exclusively as a church, the answer was not a true one, and a liquor tax certificate could not legally issue for the premises 2013. It is strenuously insisted by the respondent that these facts do not disclose that the building is used exclusively as a church. In *People ex rel. Gentilesco* v. *Board of Excise* (7 Misc. Rep. 415) it was said that a liberal construction of the Excise Law was to be indulged in, and citing Kent's Commentaries: "It was held to be the duty of the judges to make such a construction as should repress the mischief and advance the remedy." (1 Kent Com. 464.) The law does not undertake to define or restrict the definition of the words "occupied exclusively as a church," and I think it must be left to such reasonable construction as will accom-

plish the purpose intended by the Legislature, viz., to prevent the traffic of liquor in proximity to such class of buildings. Under the laws of this State it is not necessary that a religious society should be incorporated, nor is it necessary that they should hold to any particular tenets or creed; but great liberality and tolerance is given in the organization of religious societies and the promulgation of religious beliefs. The evidence here shows that this is a society having a president, vice-president, secretary and treasurer. They occupy these premises exclusively for the teaching of the Gospel and such services as are usually carried on by church societies. So that it may well be said that this building is used exclusively as a church; that is, a place where a religious society holds its stated meetings for the purposes of religious observances and teachings in accordance with the Christian faith. How long this has continued, or how long it may continue, is immaterial under the statute. It had continued for some considerable time before the application here was filed, and the fact that it did exist at the time of filing the application for the certificate is sufficient to protect it from the proximity of a place where the traffic of liquor is carried on. It follows that the answers were untrue; that the traffic of liquor cannot be legally carried on at 2013 Boston road, and the certificate must be canceled.

Order signed.