(57 Misc. Rep. 47.)

### In re CLEMENT, State Excise Com'r.

(Supreme Court, Special Term, Ulster County. November 20, 1907.)

**1. INTOXICATING LIQUORS—LICENSES—REVOCATION.**

Liquor Tax Law, Laws 1896, p. 66, c. 112, § 24, as amended by Laws 1905, p. 1728, c. 677, § 3, forbids traffic in liquor in any building on the same street and within 200 feet of a building occupied exclusively as a church, but provides that the prohibition shall not apply to a place which on March 23, 1896, was lawfully occupied as a hotel, nor to a place in which traffic in liquors was lawfully carried on at that date. At the time a liquor tax certificate was issued there was no church building within 200 feet of the place where liquor was to be sold, but before the expiration of the same a church was completed within that distance, so that, when a second application for a certificate was filed and a certificate issued thereon, there was a church within the prohibited distance. *Held,* on application to cancel the second certificate, that the exemption relating to March 23, 1896, not applying, the licensee had no greater rights in seeking the second certificate than if it were an original application, and hence the certificate was canceled.

**2. SAME—PROCEEDINGS TO REVOKE—COSTS.**

Where an application for a liquor tax certificate truly stated the conditions at the proposed place of trafficking in liquors, and it does not appear that the precise point on which the certificate issued is subsequently canceled, on application of the state commissioner of excise, has been decided before, costs will not be imposed; the same being, under the liquor tax law, discretionary.

Application by Maynard N. Clement, as state commissioner of excise, for an order revoking and canceling liquor tax certificate No. 24,558, issued to Wilson Van Etten. Certificate revoked.

Russell Headley (Samuel H. Salisbury, of counsel), for petitioner. William D. Brinnier, for defendant.

BETTS, J. This matter comes before me by the return of an order to show cause granted by Mr. Justice Fitts, returnable at the Albany Special Term. Application is made for the revocation and cancellation of Van Etten's liquor tax certificate for the reason that at the time it was granted the place where liquors were to be trafficked in was on the same street and within 200 feet of a building occupied exclusively as a church, that the application so stated, and that traffic in liquors was not carried on in this particular place now occupied by Van Etten on March 23, 1896.

No witnesses were sworn, but the parties agreed on a statement of facts, from which it appears that a certificate (No. 33,786) for the sale of liquor was first duly issued to Van Etten on October 11, 1906, and that Van Etten carried on his business under said certificate up to May 1, 1907, and until the certificate in question (No. 24,558, for the years 1907–1908) was issued. It further appears therein that at the time the first certificate (No. 33,786) was issued there was no building occupied exclusively as a church within 200 feet of said saloon building; that the church building in question was erected commencing December, 1906, and finished in January or February, 1907; that the church building, from its completion down to the time of the hearing, was occupied exclusively as a church building; that it was

within the prohibited 200 feet of Van Etten's building; and that Van Etten's building, for which the certificates were issued, has been used to traffic in liquors under the two certificates referred to from the 11th day of October, 1906, to the time of the hearing. It appears, there-fore, that at the time the first certificate was issued in October, 1906, there was no church building within the 200 feet for which the stat-ute refuses permission, but that during the time of the holding of the first certificate a church was completed, some time in February, 1907, so that, when the new application for a certificate was filed, which was on or about April 29, 1907, there was a church within 200 feet of said proposed saloon.

The question and answer in Van Etten's application for a certificate are as follows:

"(9) Does the applicant intend to traffic in liquors under the certificate ap-plied for in any building, yard, booth, or other place which is on the same street or avenue and within two hundred feet of a building occupied exclu-sively as a church or schoolhouse? Yes; a church built in winter 1906–1907."

The restriction under which it is sought to cancel this certificate to traffic in liquor is section 24 of the liquor tax law (Laws 1896, p. 66, c. 112, as amended by Laws 1905, p. 1728, c. 677, § 3), which, so far as material to the inquiry here, is as follows:

"Sec. 24. Places in Which Traffic in Liquor shall Not be Permitted. Traffic in liquor shall not be permitted: * * * (2) * * * In any building * * * which shall be on the same street or avenue and within two hun-dred feet of a building occupied exclusively as a church: * * * provided, however, that this prohibition shall not apply to a place which on the twenty-third of March, eighteen hundred and ninety-six, was lawfully occupied for a hotel, nor to a place in which such traffic in liquors was actually lawfully car-ried on at that date * * * nor to any place within the above described limit of a building occupied exclusively as a church, if, simultaneously with the filing of an application statement descriptive of such traffic, there shall be filed a consent in writing that such traffic in liquors be so carried on during a term therein stated, executed by the corporation, association or society using such building as a church, or the duly authorized agent thereof, and ac-knowledged as are deeds entitled to be recorded. * * * "

No consent in writing has been given by the church authorities. Liquor tax certificates as now issued are all in one form, and are all made to expire on the last day of the month of April following the date of their execution. They have been held to be personal property and a chose in action. Niles v. Mathusa, 162 N. Y. 546–551, 57 N. E. 184. All rights under certificate No. 33,786, held by Van Etten, issued October 11, 1906, expired on April 30, 1907, so that upon the taking effect of the liquor tax certificate No. 24,458, now sought to be can-celed, Van Etten had no greater rights in seeking a certificate than if it was an original application, since neither he nor the premises were protected by the exception in the statute relating to March 23, 1896. His application upon which the certificate in question was issued was dated April 29, 1907, and at that time a church was within the prohib-ited limits, as we have seen from his application; and unless he can show some right, either by reason of his prior occupancy of the prem-ises before the erection of the church or otherwise, his certificate must be canceled.

In seeking for authority upon the question, we find a decision under a prior statute, known as the "Excise Law," being chapter 401, p. 837, of the Laws of 1892. Section 43 thereof, as amended by chapter 480, p. 1056, of the Laws of 1893, provided, so far as essential to our inquiry, as follows:

"Sec. 43. Restrictions as to Licenses Near Churches and Schools. No person or persons who shall not have been licensed prior to the passage of this act, shall hereafter be licensed to sell strong or spirituous liquors * * * in any building not used for hotel purposes, and for which a license does not exist at the time of the passage of this act, which shall be on the same street or avenue and within two hundred feet of a building occupied exclusively as a church or schoolhouse."

Under that statute the commissioners of the board of excise of the city of New York refused a saloon license to one Thomas Cairns for premises No. 700 Third avenue, in that city. It appeared that a license had been issued to different persons to conduct the saloon business on these premises for upwards of 40 years, down to the 6th day of April, 1895, on which day Cairns purchased the good will of the business and the license from the then licensee. The Church of St. Agnes erected in the year 1895, within 80 feet of the main entrance of this saloon, a school building occupied by St. Agnes Parochial School. Whereupon the board of excise refused a license to Cairns, for the reason that the nearest entrance to the said premises was within 200 feet of the nearest entrance of a building occupied exclusively as a school. On certiorari the General Term of the New York Superior Court overruled the board of excise and held that Cairns was entitled to his license applied for, holding that the Legislature by the section quoted intended to protect property where licenses had existed prior to the time of the enactment, even though within the prohibited distance, and, further, that the managers of the church or school erected a building and occupied it for school purposes so near to this saloon at their peril. The Court of Appeals, however, in People ex rel. Cairns v. Murray, 148 N. Y. 171, 42 N. E. 584, reversed the General Term and affirmed the determination of the board of excise, holding:

"It is manifest that the general purpose of the Legislature was to prohibit the licensing of saloons within 200 feet of a school; but for obvious reasons it made an exception in favor of parties who were engaged in the business at such prohibited places at the time of the passage of the act under an existing license."

Section 28 of the present liquor tax law was construed in an action entitled In re Korndorfer (Sup.) 49 N. Y. Supp. 559, and it was there held that where premises were occupied as a saloon up to April 2, 1896, when the license was surrendered, and the premises were vacant down to June 9, or 12, 1897, no liquor traffic being carried on at the place and the premises being vacant, and an adjoining premises being hired on the 15th of June, 1896, and on the 5th of July, 1896, opened for religious services, whatever rights, if any, had been obtained by the liquor traffic having been carried on there on March 23, 1896, had been lost by this disuse, and the liquor tax certificate, which was issued about June 4, 1897, was canceled. See, also, People ex rel. Bagley v. Hamilton, 25 App. Div. 428, 49 N. Y. Supp. 605, where premises upon which traffic in liquors had been carried on on March 23, 1896,

but such traffic was abandoned July 1, 1897, and upon owner attempting to renew such traffic September 1, 1897, at same place and within 200 feet of a church, permission was refused.

I cannot find from the statute, nor from the decisions on somewhat similar (though not precisely the same) facts, any authority for the county treasurer to issue this certificate. The Legislature evidently intended to protect the church and school building from being within 200 feet of a saloon or hotel, save where a hotel or liquor traffic had been carried on March 23, 1896. If the contention of Van Etten were correct that the church must keep away because he had taken his position first, it would create a new exception not in the statute. It may be that the statute will oppress those persons who have created valuable properties since March 23, 1896, for saloon or hotel purposes, and find them worthless by the approach of a church or school; but, if so, relief must be sought from the Legislature, not from the courts.

Costs under this statute are discretionary. Van Etten's application truly stated the conditions at his proposed place of trafficking in liquors. The county treasurer issued the certificate to him. I do not find that the precise point here involved has been decided before, and I do not impose any costs in this case.

An order in the usual form may enter, canceling and revoking said liquor tax certificate.