### In re HERING.

(Supreme Court, Appellate Division, Second Department.  June 18, 1909.)

**1. STATUTES (§ 195*)—CONSTRUCTION—EXCEPTIONS.**

Where a statute expressly makes exceptions to a general rule, further exceptions cannot be created by implication.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 273; Dec. Dig. § 195.*]

**2. INTOXICATING LIQUORS (§ 45*)—STATUTORY PROVISIONS—CONSTRUCTION.**

The provisions of Liquor Tax Law (Laws 1896, p. 66, c. 112) § 24, prohibiting the maintenance of a saloon within a certain distance of churches and schools, should be liberally construed to effectuate such provisions and strictly construed against applicants for licenses within the prescribed distances.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 45.*]

**3. CONSTITUTIONAL LAW (§ 92*)—REGULATION—VALIDITY.**

There is no vested property right to carry on the liquor traffic; but the state, under its police power, may at any time regulate or prohibit it, however serious the resulting loss may be.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 227; Dec. Dig. § 92.*]

**4. INTOXICATING LIQUORS (§ 59*)—LICENSES—LOCATION—PROXIMITY TO CHURCH.**

Under Liquor Tax Law (Laws 1896, p. 66, c. 112) § 24, prohibiting the liquor traffic in any building which shall be on the same street and within 200 feet of a building occupied exclusively as a church, that a saloon-keeper had established his business on his property several years before a church occupied a building within 200 feet thereof, and certificates had been issued to him from year to year, did not prevent the operation of the statute, so as to prevent the issuance of a certificate to him after the establishment of the church.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 59; Dec. Dig. § 59.*]

Appeal from Special Term, Kings County.

In the matter of the petition of Robert Hering for a writ of certiorari commanding Maynard N. Clement and others to certify and return proceedings relating to the refusal to issue a liquor tax certificate.  From an order dismissing the writ, relator appeals.  Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and MILLER, JJ.

D. Cady Herrick, for appellant.

Herbert H. Kellogg (Albert O. Briggs, on the brief), for respondents.

BURR, J.  On the 30th of September, 1908, the appellant applied for a license to traffic in liquors upon the premises situated upon the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

northwest corner of Saratoga avenue and Sumpter street, in the borough of Brooklyn, for one year from October 1, 1908, to September 30, 1909, under subdivision 1, § 11, of the liquor tax law. He had been the owner of such premises since the 3d of March, 1902, and since the 3d of April, 1902, under certificates granted from year to year, had there carried on business; the last certificate expiring on September 30, 1908. In April, 1907, the land on the southwest corner of Saratoga avenue and Sumpter street was purchased by a religious corporation, and thereafter a building was erected thereon, which since December 1, 1907, has been continuously occupied exclusively as a church. It is conceded that the premises occupied by the appellant are within 200 feet of the said church building. His application was refused, and the action of the special deputy commissioner of excise for the borough of Brooklyn was brought up for review before a Special Term of the Supreme Court in the county of Kings, and from the order sustaining his action this appeal is taken.

The liquor tax law provides (Laws 1896, p. 66, c. 112, § 24) that:

"Traffic in liquor shall not be permitted under the provisions of subdivision 1 of section 11 of this act in any building * * * which shall be on the same street or avenue and within two hundred feet of a building occupied exclusively as a church."

This clear provision of the statute required the commissioner to refuse to grant the certificate, unless there is either some express exception thereto which operates in appellant's favor, or unless, although within the letter of the act, there is an implied exception to be found therein when the act is construed according to the true intent and meaning of the lawmakers. It is unnecessary to enumerate the express exceptions contained in the statute, for it is conceded that the appellant has not brought himself within either of them. But it is urged in his behalf that inasmuch as he had established his place of business several years ago, and under certificates granted from year to year had there carried on the traffic in liquors, and inasmuch as this must have been known to the religious corporation when it located its church building within 200 feet of the entrance to his building, it would be unjust and unfair to deny his application for a further certificate, since the refusal thereof will result in destroying both the value of his property for saloon purposes and the business of trafficking in liquors which he has built up in that particular place. We are therefore asked to write into the statute an exception which does not exist in express words.

To do so would violate the rule of statutory construction that, where the Legislature have in express words provided exceptions to a general rule, such provisions are to be deemed exclusive and to forbid the creating of any further exceptions by implication. Sutherland on Statutory Construction, § 328. Again, the courts have uniformly held that the exceptions contained in the statute in respect to churches and schools should be liberally construed in their favor, and strictly against applicants for licenses within the prescribed distances. Matter of Place, 27 App. Div. 561, 50 N. Y. Supp. 640, affirmed 156 N. Y. 691, 50 N. E. 1121. Beyond that, the situation is one which does not demand a construction of the statute beyond the literal meaning

of its provisions in favor of the applicant for a certificate. Traffic in liquors has been recognized as a lawful occupation, but because of the many evils attendant thereon it is subject to regulation by the state in the exercise of its police power. There is no vested right to carry on such traffic which is in the nature of property. The state can at any time step in and absolutely prohibit it, no matter how long it has been carried on, nor how great sums may have been invested therein, nor how serious the losses which may result from such prohibition. Kresser v. Lyman (C. C.) 74 Fed. 765; In re Clement, 54 Misc. Rep. ·352, 105 N. Y. Supp. 1054; People ex rel. Bernard v. McKee, 59 Misc. Rep. 369, 112 N. Y. Supp. 385, affirmed 126 App.· Div. 954, 111 N. Y. Supp. 1135; In re Clement, 57 Misc. Rep. 47, 107 N. Y. Supp. 205. If it can absolutely prohibit, it can impose any conditions, however severe. Every one who engages in the liquor traffic must be deemed to have done so recognizing the hazardous nature thereof, and that at any time the value of his investment therein may be seriously impaired, if not wholly destroyed.

If the contention of the appellant here were correct, then if one located a saloon upon the corner of an unoccupied block of ground, although subsequently valuable and expensive private dwellings were erected thereon, the applicant for a certificate under the liquor tax law would be absolved from the necessity of obtaining the consent in writing specified in the statute from the owners of two-thirds of the total number of such buildings so occupied as dwellings within 200 feet of the entrance to the premises where such traffic was to be carried on. Such a construction would enable the trafficker in liquor to seriously depreciate the value of the property adjoining his place of business without the consent of the owners and without compensating them. It may be urged that the converse is true. The property owner or the church may seriously depreciate the value of the saloon property. The distinction between the two classes of cases is just here. The person who engages in the liquor traffic does so deliberately, knowing the hazards· which he runs if he is unable to fulfill the conditions precedent to the renewal of his license from year to year. He accepts these risks when he enters the business. The property owner, on the other hand, does not need the permission of the state to acquire his property, nor to hold nor to use the same. He has no conditions to fulfill, and he purchases his property, relying upon knowledge of that fact. The contention of the appellant that an opportunity is afforded to harass the dealer in liquors and to destroy his property, if a so-called school for boxing or to give instruction in dancing or physical culture were located next to his saloon, or to a valuable hotel property, which value, in part at least, was due to the fact that it was permitted to traffic in liquors, seems to be not well founded. The word of the statute, "schoolhouse," had in view schools devoted to such general elementary and intermediate instruction as is adapted to the education of children and youth. In the Matter of Townsend (Court of Appeals, April 27, 1909, not yet officially reported) 88 N. E. 41.

The order appealed from should be affirmed, with costs and disbursements. All concur.

WOODWARD, J. (concurring). While I think the reasons which prompted the Legislature to except from the limitations to schools and churches those places which were actually lawfully engaged in the liquor business in 1896 should operate to give a like exemption to property which had been so used before the erection of a church, I am unable to find any authority for changing the exact and well-understood language of the statute. I think the relator must go to the Legislature for relief.

I therefore vote to affirm.

