Van Voorhis, J.
Petitioner has been refused a license to sell liquor for on-premises consumption, on the ground that the premises are within 200 feet of a building on the same street used exclusively for school purposes, in violation of subdivision 7 of section 64 of the Alcoholic Beverage Control Law. The question is whether both are on the same street. The school is on West 18th Street. Petitioner’s restaurant is located on the corner of 9th Avenue and West 18th Street, and is known as 128 9th Avenue. It is accessible from 9th Avenue only. The agreed statement of facts does not specify whether petitioner’s *167 premises are located in a building containing areas occupied by other persons or businesses, nor whether petitioner is the tenant or the owner of the premises. It does state “ That the portion of petitioner’s restaurant premises located on West 18th Street consists of a solid brick wall, and has no window, entrance or other opening on West 18th Street.”
Subdivision 7 of section 64 of the Alcoholic Beverage Control Law provides, insofar as material: “ No retail license for on-premises consumption shall be granted for any premises which shall be on the same street or avenue and within two hundred feet of a building occupied exclusively as a school, church, synagogue or other place of worship; the measurements to be taken in a straight line from the center of the nearest entrance of such school, church, synagogue or other place of worship to the center of the nearest entrance of the premises to be licensed * * * ))
This statute derives from subdivision 2 of section 24 of chapter 112 of the Laws of 1896, as amended by chapter 312 of the Laws of 1897, which was before the Court of Appeals in People ex rel. Cairns v. Murray (148 N. Y. 171). The language of the former statute was similar, except that it stated that no person shall be licensed to sell liquor in any building — instead of premises — which shall be on the same street and within 200 feet of a school. Here it is in the statement of facts that the premises are partly on West 18th Street. The words that the measurements are to be taken “ in a straight line ” between entrances were in the former statute, and appear to have been regarded as indicating the shortest distance between entrances along the streets. No special point is made of that on this appeal.
This court in People ex rel. Clausen v. Murray (5 App. Div. 441) held under the old law that a saloon having an entrance located around the corner from a school building within the prohibited distance could not be licensed. In the opinion the court said (p. 443), “ That entrance may be out of view, but access to the saloon is not the less easy and inviting ”, and commented (p. 442), “ In view of its obvious policy in protecting the school against the evil influences of the saloon, the statute should be so expounded as to acccomplish its benign intent, and to that end be accorded a literal or a liberal interpretation as may most effectually avert the apprehended mischief. • (People ex rel. Cairns v. Murray, 148 N. Y. 171, 173; People ex rel. Gentilesco v. Excise Board, 7 Misc. Rep. 415, 417.)” To the same effect were Matter of Zinzow (18 Misc. 653) and Matter of McCusker *168 (23 Misc. 446). The public policy underlying this clause in the statute has not changed.
In Matter of O'Brien v. Rozza (247 App. Div. 747, affd 271 N. Y. 545) corner premises were held to be on both streets, and, therefore, to constitute a violation of subdivision 4 of section 105 of the present Alcoholic Beverage Control Law prohibiting such stores on the same street except at intervals of more than 1,500 feet.
Petitioner relies on Matter of Pinkowitz v. O'Connell (271 App. Div. 919) which upheld a determination of the State Liquor Authority refusing to license corner premises having the entrance on a cross street but located within 1,500 feet of similarly licensed premises on Broadway. The opinion therein does state that the premises would have been regarded as being on the side street except for a show window on Broadway, but that statement was not necessary to the decision and should not be regarded as controlling in the case at hand. Here we are not faced with a close question whether, for this purpose, leased premises include the outside wall as well as the inside wall of a building. It is the established fact that petitioner’s premises are ‘ ‘ located on the east side of Ninth Avenue, and on the north side of West 18th Street ”. The public high school on West 18th Street is less than 200 feet away. To grant this license would constitute a clear violation of the present statute under any view of the case, and particularly in view of the inclusiveness of the term “ premises ” as applied in Matter of Fortino v. State Liquor Authority (273 N. Y. 31). There is nothing in the agreed statement of facts on which to base petitioner’s argument that the cases decided under the former statute do not apply to a situation where the premises proposed to be licensed are rented as part of a larger building. On a submission, such as this, the court is not permitted to find facts by inference in addition to those stipulated (Title Guarantee & Trust Co. v. Mortgage Comm., 271 N. Y. 302; Lafrinz v. Whitney, 233 N. Y. 107).
The determination of the respondents constituting the State Liquor Authority should be upheld, and a final order should be entered in their favor.
Dore and Shientag, JJ., concur; Peck, P. J., and Cohn, J., dissent and vote to grant a final order for petitioner.
Determination upheld and final order directed to be entered in favor of respondents. Settle order on notice.