In the Matter of the Petition of Henry H. Lyman for an Order· Revoking and. Canceling Liquor Tax Certificate No. 2,524; Issued to John Fuhrmann, at No. 223 East Twenty-second Street, New York.

John Fuhrmann, Appellant; Henry H. Lyman, Respondent.

*Liquor tax — the exemption in favor of premises, within 200 feet of a schoolhouse, in which liquor was sold on March 23, 1896 — it is waived where the traffic was thereafter suspended for eighteen months — what is not a continuance of the business.*

The privilege conferred by subdivision 2 of section 24 of the Liquor Tax Law (Laws of 1896, chap. 112, as amended by Laws of 1897, chap. 312), permitting the traffic in liquor on premises within 200 feet of a building used exclusively as a schoolhouse, provided such traffic was actually and lawfully carried on in such premises on March 23, 1896, is forfeited, where it appears that, although such traffic was lawfully carried on in such premises on March 23, 1896, the license expired by operation of law June 30, 1896, and that no liquor tax cer-

tificate was granted for the traffic in liquors upon the said premises until December, 1897, the actual traffic in liquors upon the said premises being suspended between June 30, 1896, and January 1, 1898.

The mere fact that the fixtures used in the conduct of the business in this place were not removed, and that the person who had owned a chattel mortgage on such fixtures had foreclosed the mortgage and had been in possession of the premises during the period when no business was carried on, does not constitute a continuance of the business such as would prevent the surrender of the privilege to conduct the liquor business upon such premises; nor does the intention of the parties who held the lease, as to the future use of the premises, constitute a continuance of the business.

APPEAL by John Fuhrmann from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 20th day of August, 1898, canceling the liquor tax certificate issued to the said John Fuhrmann.

*Moses Weinman,* for the appellant.

*Alfred R. Page,* for the respondent.

INGRAHAM, J.:

The only question involved upon this appeal is whether the premises upon which this defendant proposed to carry on the liquor business was within the provision contained in subdivision 2 of section 24 of the Liquor Tax Law (Chap. 112, Laws of 1896 as amended by chap. 312 of the Laws of 1897). The appellant applied for a liquor tax certificate, stating in his application that traffic in liquors was actually carried on in the premises named on March 23, 1896, and that said premises had been occupied continuously for such traffic since 1888. It appeared that in 1896 George Hahn received a license to traffic in liquors upon said premises, which license expired by operation of law June 30, 1896; that no liquor tax certificate was granted for the traffic in liquors upon the said premises until December, 1897, and that the actual traffic in liquors was suspended upon the said premises between the 30th of June, 1896, and January 1, 1898. No liquor tax certificate having been issued for the conduct of the liquor business upon such premises during that period, the traffic in liquors thereupon was illegal. The premises in question were within 200 feet of a building used exclusively as a schoolhouse; and under section 24 of the

Liquor Tax Law the traffic in liquors cannot be permitted in said premises unless such traffic was actually and lawfully carried on in said premises on the 23d of March, 1896. If on the 23d day of March, 1896, this place was lawfully occupied for such business, the appellant was entitled to a liquor tax certificate, unless such traffic in liquor were subsequently abandoned. Then such abandonment worked a forfeiture of the privilege conferred by the statute. That question was presented to this court in the fourth department in *People ex rel. Bagley* v. *Hamilton* (25 App. Div. 428). It was there held that where " the business of one proprietor is closed up and no resumption thereof attempted by his successor for sixty days, we think that, within the spirit of the law, the privilege which it grants must be regarded as surrendered." We think that case presents the correct construction of the act and that it is authority for the determination arrived at by the court below. The mere fact that the fixtures used in the conduct of the business of this place were not removed, and that the person who had owned a chattel mortgage on such fixtures had foreclosed the mortgage and had been in possession of the premises during the period when no business was carried on, was not a continuance of the business which would prevent the surrender of the privilege to conduct the liquor business upon such premises. The business thus was actually suspended for a period exceeding eighteen months. During that time no traffic of liquor could lawfully be carried on in those premises as no liquor tax had been paid under which such business could have been conducted. There was no claim that liquor was actually sold, or that any business was actually conducted on the premises during this period. The intention of the parties who held the lease as to the future use of the premises did not constitute a continuance of the business.

We think, therefore, that the order appealed from was right and should be affirmed, with costs.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and McLAUGHLIN, JJ., concurred.

Order affirmed, with costs.