### In re LYMAN.

(Supreme Court, Appellate Division, First Department. November 11, 1898.)

1. LIQUOR LICENSE—FORFEITURE OF PRIVILEGE.

 Where the sale of liquors within 200 feet of a school house was discontinued after the passage of the liquor tax law for 18 months, during which time the saloon fixtures remained on the place in possession of a chattel mortgagee, there being during said time no tax certificate permitting the traffic, the privilege of carrying it on is forfeited under Laws 1896, c. 112, § 24, prohibiting such traffic within 200 feet of a school building except where it was actually lawfully being carried on at the passage of the act.

2. SAME.

 The privilege of carrying on the traffic within 200 feet of a school house is forfeited even though lessees retain possession of the premises with the intention of resuming the traffic.

Appeal from special term.

Petition by Henry H. Lyman, state commissioner of excise, for an order revoking and canceling the liquor tax certificate of John Fuhrman. From an order revoking the certificate, respondent appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Moses Weinman, for appellant.
Alfred P. Page, for respondent.

INGRAHAM, J. The only question involved upon this appeal is whether the premises upon which this defendant proposed to carry on the liquor business was within the provision contained in subdivision 2, § 24, of the liquor tax law (chapter 112, Laws 1896). The appellant applied for a liquor tax certificate, stating in his application that traffic in liquors was actually carried on in the premises named on March 23, 1896, and that said premises had been occupied continuously for such traffic since 1888. It appeared that, in 1896, George Hahn received a license to traffic in liquors upon said premises, which license expired, by operation of law, June 30, 1896; that no liquor tax certificate was granted for the traffic in liquors upon the said premises until December, 1897, and that the actual traffic in liquors was suspended upon the said premises between the 30th of June, 1896, and January 1, 1898. No liquor tax certificate having been issued for the conduct of the liquor business upon such premises during that period, the traffic in liquors thereupon was illegal. The premises in question were within 200 feet of

a building used exclusively as a school house; and, under section 24 of the liquor tax law, the traffic in liquors cannot be permitted in said premises unless such traffic was actually and lawfully carried on in said premises on the 23d of March, 1896. If on the 23d day of March, 1896, this place was lawfully occupied for such business, the appellants were entitled to a liquor tax certificate, unless such traffic in liquor was subsequently abandoned. Then such abandonment worked a forfeiture of the privilege conferred by the statute. That question was presented to this court in the Fourth department, in People v. Hamilton, 25 App. Div. 428, 49 N. Y. Supp. 605. It was there held that where "the business of one proprietor is closed up, and no resumption thereof attempted by his successor for sixty days, we think that, within the spirit of the law, the privilege which it grants must be regarded as surrendered." We think that case presents the correct construction of the act, and that it is authority for the determination arrived at by the court below.

The mere fact that the fixtures used in the conduct of the business of this place were not removed, and that the person who had owned a chattel mortgage on such fixtures had foreclosed the mortgage, and had been in possession of the premises during the period when no business was carried on, was not a continuance of the business which would prevent the surrender of the privilege to conduct the liquor business upon such premises. The business thus was actually suspended for a period exceeding 18 months. During that time no traffic of liquor could lawfully be carried on in those premises, as no liquor tax had been paid under which such business could have been conducted. There was no claim that liquor was actually sold or that any business was actually conducted on the premises during this period. The intention of the parties who held the lease as to the future use of the premises did not constitute a continuance of the business.

We think, therefore, that the order appealed from was right, and should be affirmed, with costs. All concur.