(26 Misc. Rep. 532.)

### In re LEWIS et al.

(Supreme Court, Special Term, Onondaga County.   February, 1899.)

1. LIQUOR BUSINESS—PROHIBITED DISTANCE FROM SCHOOL HOUSE.
   Under Liquor Tax Law, § 24, subd. 2, as amended by Laws 1897, c. 312, providing that the 200 feet within which distance from a school house conduct of the liquor business is prohibited shall be taken in a straight line from the center of the nearest entrance of the school house to the center of the nearest entrance of the building used for the liquor business, it is immaterial that by the highway one would have to travel more than that distance in going from one entrance to the other.

2. SAME—ABANDONMENT.
   Under the exception to the prohibition of the liquor tax law against conduct of the liquor business in a building less than 200 feet from a school house that it should not apply to premises used for said business when the law was passed, conduct of the business having thereafter been abandoned by the proprietor thereof, who was a lessee of the building, being removed therefrom, and the building for a year thereafter being vacant except when used for other purposes, it cannot again be used for the liquor business.

Petition by James P. Lewis and others for an order revoking and canceling liquor tax certificate issued to Frank Pilchen.   Granted.

Frank Bowman, for petitioners.
Edgcomb & Rafferty, for defendant.

HISCOCK, J.   The facts upon this application are substantially undisputed.   The building wherein the traffic in liquors under the certificate in question is being carried on is and has been used and occupied as an hotel.   The building is situated at the intersection of two roads.   Upon one of these roads is  a school house.   There is an entrance upon the side of the building towards the school house. Measured in a straight line, the distance from said entrance to the nearest entrance to the school house is less than 200 feet.   Measured in the only way by which a person could travel by the highway from the entrance in said hotel to the entrance in said school house, the distance is more than 200 feet.   It is contended by the defendant that the distance must be measured. in the latter way. I am unable, however, to agree with this contention.   The amendment by chapter 312 of the Laws of 1897 of section 24 of subdivision 2 of the liquor tax law, providing that the distance under the prohibition in question shall "be taken in a straight line from the

center of the nearest entrance of the building used for such church or school to the center of the nearest entrance of the place in which such liquor traffic is desired to be carried on," is so significant and explicit as not to leave any doubt about the intention of the legislature. This amendment providing for a measurement in a "straight line" between the two entrances was undoubtedly passed to prevent the possibility of a claim such as that now made by defendant. Leaving out of the statute the words in question, there might many times be some doubt about how the measurement in question should be made, and whether the building in which the traffic was to be carried on was within the prohibited distance. The amendment in question obviates any such doubt as that. It says, in effect, as explicitly as possible, that the measurement shall be tested by the shortest line which could be drawn between the two entrances. This does not permit any angles or curves or digressions for intervening buildings or for street lines. The intention and purpose of the law upon the subject of the liquor traffic to keep its pursuit a certain distance away from schools and churches is obvious and plain, and its provisions in this respect are to be construed liberally in favor of the school buildings and churches. People v. Murray, 5 App. Div. 441, 38 N. Y. Supp. 609, and 39 N. Y. Supp. 1130. In this case a liberal construction of the statute is not necessary to sustain the claim of the petitioners. The wording of the statute seems to be as explicit and direct as possible upon this subject in favor of their claim.

Starting out, therefore, with the holding that the building wherein the defendant seeks to carry on his business, and for which he has obtained his certificate in question, is within the prohibited distance of a school house, I come to the consideration of the other and second question which is presented in defense to the application. The liquor traffic was carried on in this building March 23, 1896, when the statute covering this subject was passed, and therefore, and within the provisions of the latter, did not at that time come within the prohibition which is being discussed. It is urged by petitioners, however, that subsequently to that date, and prior to the date when defendant applied for and received his certificate, the liquor business had been suspended and abandoned at the building in question, and therefore the exemption which is mentioned had been lost, and said building placed within the 200-feet prohibition. The facts as they appear upon this latter question are as follows: About July 1, 1897, the tenant who had been occupying said building and conducting the liquor business was removed therefrom, and for four or five months after said date said premises remained entirely vacant. For a short period then ensuing, part of the building was used for the conduct of a small store. Then it remained entirely unoccupied until about October 1, 1898, when the defendant leased the premises of the owner, and went into occupation, and commenced to transact business under the certificate in question. It is claimed in behalf of defendant that during said period, July 1, 1897, to October 1, 1898, the owner of the building was trying to obtain some tenant to occupy the same. When

defendant applied for the certificate in question, he stated in his application that traffic in liquors was actually lawfully carried on in the premises in question on March 23, 1896, and in answer to the question, "Since what date have said premises been occupied continuously for such traffic in liquor?" he answered, "Twenty years." There can be no doubt that the premises were not continuously used for traffic in liquors during the 20 years preceding defendant's application, or that such traffic was suspended during the period, July 1, 1897, to October 1, 1898. The only question is whether the suspension was such an abandonment of the use of the premises for the liquor business as destroyed the exception above quoted in favor of a building used for the liquor traffic March 23, 1896. I think it was. The provision of the liquor tax law that this prohibition against the use of buildings for the traffic in question when situated with a certain distance of a school house should not apply to premises used for said business at the time when the law was passed was an exception to a general rule. In accordance with the general principles of construction, such exception is to be strictly construed. Its object was to allow the continued use of buildings at the time of the passage of the law devoted to the conduct of this business. It was not its purpose to allow premises whereon the conduct of this business should be abandoned or discontinued to again at some future date secure the benefit of this exception. While periods of suspension may be conceived of so temporary in their character as not to operate as an abandonment of the premises for this purpose, I do not think that the one in question was of such a character. This question, upon facts quite as favorable to the certificate holder as existed in this case, has been decided adversely to the claims now made by the defendant. In re Lyman, 34 App. Div. 389, 54 N. Y. Supp. 294; People v. Hamilton, 25 App. Div. 428, 49 N. Y. Supp. 605.

The conclusion reached upon the questions above discussed renders it unnecessary to decide whether the consents obtained by defendant of neighboring residents and citizens were sufficient. The application for an order revoking defendant's certificate is granted, with costs.

Application granted, with costs.