(21 Misc. Rep. 504.)

# In re RULAND.

(Supreme Court, Special Term, Kings County.  October 29, 1897.)

1. LIQUOR TAX LAW—LOCATION OF SALOON—DWELLING HOUSES.

The fact that a dressmaker does work in a dwelling house tenanted by her, having no sign out however, does not deprive the house of its character as a dwelling, as contemplated by the liquor tax law, prohibiting the sale of liquor within 200 feet of a dwelling house without the consent of the owners of two-thirds of the dwelling houses in said limit.

2. SAME—VACANT PREMISES.

The liquor tax law, requiring an applicant for a liquor tax certificate to obtain consent of the owners of at least two-thirds of the buildings occupied exclusively for dwelling houses within 200 feet of the location of the proposed liquor store, includes all buildings intended for dwellings, though vacant at the time of application.

3. SAME—MEASUREMENT OF LIMIT AS TO LOCATION.

The liquor tax law, prohibiting the sale of liquor within 200 feet of a dwelling house, unless the applicant for a certificate obtain the consent of two-thirds of the owners of dwelling houses within said limit, requires the 200-foot limit to be determined by measurement "in a straight line" between the entrances of the saloon and the dwelling that are nearest together.  *Held*, that a measurement along the ground to the foot of a stoop, and then at an angle up to the front door, is not proper.

Application by one Ruland for the revocation of a liquor tax certificate, pursuant to Liquor Tax Law, § 28, on the ground that it was falsely stated in the application that the owners of two-thirds of the dwellings within 200 feet had consented.　Granted.

C. A. Haviland, for petitioner.

J. W. Ridgway, for respondent.

GAYNOR, J.　There were at the time of the application for the liquor tax certificate 21 buildings ordinarily occupied exclusively for dwellings, within the 200-feet limit.　This leaves out 288 Greene avenue, which is the entrance to the rear of the building 378 Classon avenue, mainly used as a grocery store.　It includes 386 Classon avenue, which is a boarding house.　Two of said dwellings viz. 401 and 370 Classon avenue, were vacant at the time of such application.　The tenant of 303 Greene avenue is a dressmaker by trade, and does more or less sewing in the house, but has no sign out.　This does not make it partly used for business.　A mechanic may do work in his dwelling for others without making it no longer exclusively a dwelling.　The statute requires the applicant to get the consent of the owners of "at least two-thirds" of the "building or buildings occupied exclusively for a dwelling" within the 200-feet limit.　I construe this to include buildings constructed and meant for such exclusive occupation as dwellings.　In the case of a new street or block of dwellings not yet let, I do not think the owners of such dwellings may be ignored by an applicant for a liquor tax certificate.　That might enable such a certificate to be obtained without any such consent.　I therefore include the vacant dwellings.

The applicant obtained the consent of the owners of 13 of the said 21 dwellings, and thus falls short of two-thirds.　The grocery store building has to be omitted.　The statute requires the 200-feet

47 N.Y.S.—36

limit to be determined by measurement "in a straight line" between the entrances of the saloon building and the dwelling which are nearest together. Measurements along the ground to the foot of the stoop, and then at an angle up the stoop to the front door, would ·in the case of two dwellings put them outside the 200-feet limit. I do not think such a measurement is in a straight line within the meaning of the statute. I think the actual length of a straight line stretched from one entrance to the other, regarded as running through all obstructions in the course, is the measurement required.

The application has to be granted.