(25 Misc. Rep. 213.)

### In re BRIDGE.

(Supreme Court, Special Term, Kings County. November, 1898.)

1. INTOXICATING LIQUORS — REVOCATION OF CERTIFICATE — NECESSITY OF REFERENCE.

    Under Laws 1897, c. 312, § 19 (Liquor Tax Law, § 28, subd. 2), providing that on a petition to revoke a liquor tax certificate the court shall hear proofs, and, if necessary, may appoint a referee to take testimony, and, if satisfied that a material statement in the application was false, the certificate shall be revoked, it is unnecessary to refer the case, where the petition is supported by four affidavits showing one of the statements to have been false, and is not controverted by a counter showing.

2. SAME—APPLICATION FOR LICENSE—MATERIALITY OF STATEMENTS.

    Under Laws 1897, c. 312, § 10 (Liquor Tax Law, § 17, subd. 8), which requires written consent of the owners or agents for two-thirds of the dwell-

ings within 200 feet, and section 12 (section 19) which makes it obligatory to issue a certificate to the applicant if his application is regular in form, etc., a statement in the application that there were only three dwellings within 200 feet, the owners of two of which had consented, is a material statement.

3. SAME—CONSENT OF DWELLING OWNERS—TIME OF FILING.

Under Laws 1897, c. 312, § 10 (Liquor Tax Law, § 17, subd. 8), requiring consents of owners of dwellings within 200 feet of the place where a liquor business is to be carried on to be filed simultaneously with the application for a certificate, additional consents cannot be filed after an application in which it was falsely stated that there was a lesser number of dwellings within the limit, and that the necessary consents were had.

4. SAME—ESTABLISHED PLACE OF TRAFFIC—EXCEPTION—ABANDONMENT.

Laws 1897, c. 312, § 10 (Liquor Tax Law, § 17, subd. 8), providing that a certificate authorizing the sale of liquor in premises within 200 feet of buildings occupied exclusively as dwellings may be granted without the consent of such buildings, if the business was actually carried on on the premises at the time the act took effect, is inapplicable to a business which was discontinued after the enactment and before the application.

5. SAME—"200-FOOT" LIMIT—HOW MEASURED.

Laws 1897, c. 312, § 10 (Liquor Tax Law, § 17, subd. 8), requiring consents of owners of buildings within 200 feet "measured in a straight line" from the place where the liquor business is to be carried on, means that the measurement shall be by a radial line of 200 feet from the nearest entrance of the premises where the business is to be carried on to the dwellings, disregarding all obstructions.

Petition by William Bridge for an order revoking the liquor license certificate of George Mohrmann. Granted.

George W. Van Slyck, for petitioner.

John M. Ward, for respondent.

GARRETSON, J. The allegations of the petition are denied, in part, by an answer interposed in form as a pleading in an action, and the respondent asks that a referee be appointed to take testimony, and report the evidence to the court. Liquor Tax Law, § 28, subd. 2, as amended by chapter 312, Laws 1897. This course is not deemed necessary for the reason that there were served with the petition four affidavits which fully sustain the allegations of the petition, and no statement of fact therein set forth is controverted by the affidavit of the respondent also submitted hereon. This proceeding is instituted to have revoked and canceled a liquor tax certificate issued on August 20, 1898, by the deputy commissioner of excise for the borough of Brooklyn in the city of New York, which authorized the respondent to conduct the business of trafficking in liquors to be drunk upon the premises at No. 20 Elm Place, in said borough, upon the ground that a material statement made in the respondent's application for the certificate is false, viz. that there were but three buildings occupied exclusively as dwellings, the nearest entrance to which is within 200 feet, measured in a straight line, of the nearest entrance to the premises where the traffic in liquors was intended to be carried on. Id. § 17, subd. 8. The proofs quite satisfactorily show that such statement was false when so made, and the circumstances tend to indicate that it was known so to be at the time, and that the facts were intentionally withheld, to obtain the certificate, which otherwise the respondent could

not have obtained.   The statement is material, for the commissioner is bound thereby, and has no discretion.   People v. Hilliard, 28 App. Div. 140, 50 N. Y. Supp. 909.   In addition to three dwellings mentioned in the application for the certificate (as to two of which the respondent claims that he has secured valid consents), it is conclusively proven that there were at least seven other buildings occupied exclusively as dwellings, the nearest entrance to which is within 200 feet, measured in a straight line, of the nearest entrance to the premises No. 20 Elm Place, as to which no mention is made in the application.   It therefore appears that of the total number of ten dwellings the respondent has consents as to two, instead of seven, the required two-thirds.   Even if the petitioner gave consent as to four of the seven, as claimed (which, however, is not established), the respondent has still failed to secure a sufficient number of consents.   These four consents, if in fact given, were not made a part of the application, and they could not be made effective by filing them with the commissioner after the issuance of the certificate.   Inasmuch as the commissioner is bound by the statement in the application, the applicant should also be.   It was upon the representation of its truthfulness that the certificate was issued.

The further statement made in the application that the premises were occupied for such traffic from 1882 until March, 1897, is of no avail to the respondent.   The exemption from the requirements of the statute as to consents is lost by a subsequent discontinuance of the business, and the abandonment of the premises for such use.   In re Ritchie, 18 Misc. Rep. 341, 40 N. Y. Supp. 1106;  People v. Lammerts, 18 Misc. Rep. 343, 40 N. Y. Supp. 1107, affirmed 14 App. Div. 628, 43 N. Y. Supp. 1161.

The measurements were properly taken in a straight line, from point to point, as upon the radius of a circle of which the nearest entrance of the premises where the business was to be carried on is the center, disregarding all obstructions in its course.   Liquor Tax Law, § 17, subd. 8, as amended by chapter 312, Laws 1897;  In re Ruland, 21 Misc. Rep. 504, 47 N. Y. Supp. 561.   The prayer of the petitioner is granted.

Petition granted.