against the city of Gloversville. No opinion. Order affirmed, with $10 costs and disbursements.

BLAUVELT v. FOX. (Supreme Court, Appellate Division, Fourth Department. February 3, 1899.) Action by George R. Blauvelt against David S. Fox. No opinion. Motion denied, without costs.

BLUMBERG, Respondent, v. STEINWAY RY. CO. OF LONG ISLAND CITY, Appellant. (Supreme Court, Appellate Division, Second Department. January 31, 1899.) Action by John D. Blumberg against the Steinway Railway Company of Long Island City. No opinion. Judgment and order unanimously affirmed, with costs.

In re BOLTON. (Supreme Court, Appellate Division, Third Department. January 11, 1899.) In the matter of judicial settlement of the accounts of Joseph Bolton, Sr., deceased. No opinion. Decree of surrogate's court affirmed, without costs. See 46 N. Y. Supp. 908.

BOUND, Respondent, v. MANHATTAN RY. CO. et al., Appellants. (Supreme Court, Appellate Division, Second Department. January 31, 1899.) Action by Charles F. Bound against the Manhattan Railway Company and another. No opinion. Judgment affirmed, with costs.

BOYD, Appellant, v. JACKSON, Respondent. (Supreme Court, Appellate Division, Second Department. January 3, 1899.) Action by William A. Boyd against Mary L. Jackson. No opinion. Order affirmed, with $10 costs and disbursements, on argument.

In re BRIDGE. (Supreme Court, Appellate Division, Second Department. January 10, 1899.) In the matter of William Bridge. No opinion. Order affirmed, with $10 costs and disbursements, on the opinion of GARRETSON, J., at special term. 55 N. Y. Supp. 54.

BUFFALO CREEK R. CO. et al., Appellants, v. COLLINS, Respondent. (Supreme Court, Appellate Division, Fourth Department. February 3, 1899.) Action by the Buffalo Creek Railroad Company and others against Anna Collins. No opinion. There not being four judges qualified to sit in this case, it is hereby ordered that the appeal be transferred to, and heard in, the Third judicial department.

In re BUFFALO ICE CO. (Supreme Court, Appellate Division, Fourth Department. February 3, 1899.) In the matter of the dissolution of the Buffalo Ice Company. No opinion. Motion denied, without prejudice to an application at special term. See 55 N. Y. Supp. 783.

BURGER, Respondent, v. NEW YORK VENDING–MACH. CO., Appellant. (Supreme Court, Appellate Division, First Department. February 10, 1899.) Action by Clarence L. Burger against the New York Vending-Machine Company. J. J. O'Connell, for appellant. D. Edwards, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.
56 N.Y.S.—70

CAMERON, Appellant, v. McGRATH, Respondent. (Supreme Court, Appellate Division, Fourth Department. February 3, 1899.) Action by John Cameron against Henry A. McGrath. No opinion. Order affirmed, without costs to either party.

CAMPBELL, Appellant, v. LAWRENCE et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. February 3, 1899.) Action by Sarah A. Campbell against Laura Lawrence and others and Dwight P. Jennings, as administrator, etc. No opinion. Judgment affirmed, with costs.

CANAVAN, Respondent, v. O'NEILL, Appellant. (Supreme Court, Appellate Division, First Department. January 13, 1899.) Action by John J. Canavan, an infant, etc., against Hugh O'Neill. H. C. Smyth, for appellant. W. P. Burr, for respondent. No opinion. Judgment affirmed, with costs.

CARR, Plaintiff, v. MALTBY et al., Defendants. (Supreme Court, Appellate Division, Fourth Department. December 9, 1898.) Action by Prudence Carr against Jerome B. Maltby and another. A judgment was rendered from which all parties appeal. Modified.

PER CURIAM. It is proposed to modify the judgment in the action wherein Prudence Carr is plaintiff, and Maltby and another are defendants, as stated in the following proposition: Judgment modified by striking therefrom, to wit: "Subject, however, to plaintiff's right to the possession, rents, and profits of said mortgaged premises during her natural life." Also: "Nevertheless, at the time said Maltby took said mortgage, plaintiff was in open, visible possession and actual occupancy of said premises; the record title showing that said Barnard had procured his deed for a nominal consideration, although said property was apparently of much greater value, and said Maltby neglected to inquire of plaintiff what her rights were in said premises, and that it is therefore considered, and hereby determined, that said Maltby is chargeable with notice, when he took said mortgage, of plaintiff's right to the possession, rents, and profits of the premises so mortgaged to him during her natural life." Also: "Subject to plaintiff's right in said premises, the same as in the case of her other real property aforesaid covered by said mortgage,"—and as so modified affirmed.

CHICAGO LUMBERING CO. OF MICHIGAN, Respondent, v. HARTMAN, Appellant. (Supreme Court, Appellate Division, Fourth Department. January 18, 1899.) Action by the Chicago Lumbering Company of Michigan against Adam Hartman. No opinion. Judgment and order affirmed, with costs. All concur, except WARD, J., not voting.

In re CLARK. (Supreme Court, Appellate Division, Second Department. January 10, 1899.) In the matter of the application of Charles C. Clark to practice as an attorney and counselor at law in all the courts of the state of New York. No opinion. Application granted.