In the Matter of the Application of WILLIAM BRIDGE, Respondent, for an Order Revoking and Canceling the Certificate of License for Trafficking in Liquors Issued to GEORGE MOHRMANN, Appellant.

H. W. MICHEL, Special Deputy Commissioner of Excise for Kings County, Respondent.

*Liquor Tax Law — the buildings occupied exclusively as dwellings within 200 feet, how ascertained — a license cannot be sustained by consents filed subsequent to its issuance.*

In determining the number of buildings used exclusively as dwellings within 200 feet from the nearest entrance of a building, in which the liquor traffic is sought to be carried on, under subdivision 8 of section 17 of the Liquor Tax Law (Laws of 1896, chap. 112, as amended by Laws of 1897, chap. 312), the measurements should be taken in a straight line from point to point, as upon the radius of a circle, of which the nearest entrance of the premises where the business is to be carried on is the center, disregarding all obstructions in the course.

Consents of property owners, which were not made a part of the application, cannot be made effective by filing them after the issuance of the certificate.

APPEAL by George Mohrmann from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 14th day of November, 1898, revoking and canceling the liquor tax certificate issued to him by the special deputy commissioner of excise for Kings county.

*John M. Ward*, for the appellant.

*George W. Van Slyck*, for George Mohrmann, respondent.

*Mead & Stranahan*, for H. W. Michel, special deputy commissioner of excise for Kings county, respondent.

Order affirmed, with ten dollars costs and disbursements, on the opinion of GARRETSON, J., at Special Term.

All concurred.

The following is the opinion of GARRETSON, J., at Special Term:

GARRETSON, J. :

The allegations of the petition are denied in part by an answer interposed in form as a pleading in an action, and the respondent asks that a referee be appointed to take testimony and report the evidence to the court. (The Liquor Tax Law [Laws of 1896, chap. 112], § 28, subd. 2, as amended by chap. 312, Laws of 1897.) This course is not deemed necessary, for the reason that there was served with the petition four affidavits, which fully sustain the allegations of the petition, and no statement of fact therein set forth is controverted by the affidavit of the respondent, also submitted hereon.

This proceeding is instituted to have revoked and canceled a liquor tax certificate, issued on August 20, 1898, by the deputy commissioner of excise for the borough of Brooklyn, in the city of New York, which authorized the respondent to conduct the business of trafficking in liquors, to be drunk upon the premises at No. 20 Elm place, in said borough, upon the ground that a material statement made in the respondent's application for the certificate is false, viz., that there were but three buildings occupied exclusively as dwellings the nearest entrance to which is within 200 feet, measured in a straight line, of the nearest entrance of the premises where the traffic in liquors was intended to be carried on. (Id.)

The proofs quite satisfactorily show that such statement was false when so made, and the circumstances tend to indicate that it was known so to be at the time, and that the facts were intentionally withheld to obtain the certificate, which otherwise the respondent could not have obtained. This statement is material, for the commissioner is bound thereby and has no discretion. (*People ex rel. Belden Club* v. *Hilliard*, 28 App. Div. 140.) In addition to the three dwellings mentioned in the application for the certificate (as to two of which the respondent claims that he has secured valid consents) it is conclusively proven that there were at least seven other buildings occupied exclusively as dwellings the nearest entrance to which is within 200 feet, measured in a straight line, of the nearest entrance to the premises No. 20 Elm place as to which no mention is made in the application. It, therefore, appears that of the total number of ten buildings the respondent has secured consents to two instead of seven, the required two-thirds. Even if the petitioner gave consent as to four of the seven as claimed (which,

however, is not established) the respondent has still failed to secure a sufficient number of consents. These four consents, if in fact given, were not made a part of the application, and they could not be made effective by filing them after the issuance of the certificate. Inasmuch as the commissioner is bound by the statements in the application, the applicant should also be. It was upon the representation of their truthfulness that the certificate was issued.

The further statement made in the application, that the premises were occupied for such traffic from 1882 until March, 1897, is of no avail to the respondent. The exemption from the requirements of the statute as to consents is lost by a subsequent discontinuance of the premises for such use. (*Matter of Ritchie,* 18 Misc. Rep. 341; *People ex rel. Sweeney* v. *Lammerts,* Id. 343; affd., 14 App. Div. 628.)

The measurements were properly taken in a straight line from point to point, as upon the radius of a circle, of which the nearest entrance of the premises where the business was to be carried on is the center, disregarding all obstructions in the course. (The Liquor Tax Law [Laws of 1896, chap. 112], § 17, subd. 8, as amended by chap. 312, Laws of 1897; *Matter of Ruland,* 21 Misc. Rep. 504.)

The prayer of the petitioner is granted.