(31 Misc. Rep. 44.)

### In re AUERBACH.

(Supreme Court, Special Term, New York County. March, 1900.)

LIQUOR-TAX CERTIFICATE—APPLICATION—FALSE ANSWERS—CANCELLATION.

> Liquor-Tax Law, § 17, subd. 8, requires an applicant for a liquor-tax certificate to file the consent of two-thirds of the owners of buildings used exclusively as dwellings within 200 feet of the nearest entrance to the premises in which liquor is sought to be sold; and section 28, subd. 2, authorizes the revocation of a liquor-tax certificate on proof that it was issued on an application containing materially false statements. *Held*, that where an applicant falsely stated that he was entitled to traffic in liquors on certain premises, and that there were no buildings used exclusively for dwelling purposes within 200 feet of the nearest entrance thereto, his license would be revoked.

Application by Joseph Auerbach to revoke a liquor-tax certificate issued to Johannes M. Johannsen. Granted.

William S. Gordon, for petitioner.

LAWRENCE, J. This is an application, under subdivision 2 of section 28 of the liquor-tax law, to revoke a license heretofore issued to Johannes M. Johannsen, on the ground, among others, that the liquor-tax certificate was issued upon an application in which the applicant made false answers. In the view which I take of this

case, it is not necessary to consider all the answers which are alleged to be false. In answer to question 13, as to whether the applicant was entitled to traffic in liquors on the premises in question, the applicant answered, "Yes." It appears from the affidavits read on the motion that this statement was false, because two-thirds of the property owners of all the buildings used exclusively for dwellings within 200 feet of the nearest entrance to the saloon premises did not assent to the applicant obtaining a certificate for the purpose of carrying on the sale of liquors. Liquor-Tax Law, § 17, subd. 8. In answer to a subsequent question, respondent said there were no buildings exclusively used for dwelling purposes within 200 feet of the nearest entrance to the saloon premises. The petition and affidavits show that there are several of such dwelling houses within the prescribed limits. Although the respondent denies the allegations in the petition in regard to the falsity of his answers, he presents no affidavit in opposition to the petitioner's affidavits as to the location of his premises being within 200 feet, measured in a straight line to the nearest entrance to several buildings used exclusively for dwellings. Such being the case, I do not think that a reference is necessary. See In re Bridge, 36 App. Div. 533, 55 N. Y. Supp. 54. Ordered accordingly.