(39 Misc. Rep. 646.)

In re CULLINAN, Excise Com'r.

(Supreme Court, Special Term, New York County. January, 1903.)

1. LIQUOR TAX CERTIFICATE—APPLICATION.
    A statement in an application for the transfer of a liquor tax certificate that the applicant intended to conduct a hotel, and that the building in which he was to carry on such business complied with the statutory requirements as to a hotel, is material.

2. SAME—CANCELLATION.
    Where, on application to cancel a liquor tax certificate for false statement that the building complied with the statutory provisions as to a hotel, the answer failed to deny such allegation, the court will, without reference, and on proof of formal matters, revoke the certificate.

Application by Patrick W. Cullinan, State Commissioner of Excise, for an order revoking a liquor tax certificate issued to Thomas Eustace, and transferred to John Campbell. Granted.

H. N. Kellogg, for petitioner.
Guggenheimer, Untermyer & Marshall, for respondent.

BLANCHARD, J.   This is an application by the State Commissioner of Excise for an order revoking and canceling a liquor tax certificate for false statements made by Campbell in his application for a transfer of a license to him.  The false statements claimed by the petitioner are in answer to questions 20, 24, and 25.  The respondent stated in his answer to these questions that he intended to "carry on a bona fide hotel" on the premises, and that such hotel complied with the requisites provided by the statute for hotels.  The answer, in effect, denies that any material statement was false.  It does not contain any denial of the fact that the building did not comply with the statute.  The respondent is bound by the statements in his application as to the nature of the license sought, and he cannot now claim it was not for the purpose as stated in the application.  Matter of Barnard, 48 App. Div. 423, 63 N. Y. Supp. 255.  In this aspect of the case, the compliance of the building in which the traffic in liquor was to be conducted with the requisites provided by the statute was material, and the failure of the answer to contain a sufficient denial of the alleged false statements entitles the petitioner to the relief sought.  Liquor Tax Law (Laws 1896, c. 112, § 28, as amended by Laws 1901, c. 640, § 5).  As no issue is presented except as to matters of formal proof. no reference is necessary.  Matter of Auerbach, 31 Misc. Rep. 44, 64 N. Y. Supp. 602; Matter of Bridge, 36 App. Div. 533, 55 N. Y. Supp. 54.  The proof on the formal matters may be made to the court before the final order of revocation is made.  The application of the petitioner should be granted.

Application granted.