TESCHMACHER v. CLEMENT, State Com'r, et al.†

(Supreme Court, Appellate Division, First Department. December 30, 1909.)

INTOXICATING LIQUORS (§ 106*)—LIQUOR TAX CERTIFICATE—FORFEITURE.

Two convictions of employés of the holder of a liquor tax certificate within the lifetime of one certificate for two violations of the liquor law, one committed during the lifetime of such certificate and the other during the lifetime of a prior certificate, justify a forfeiture of the certificate

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† For opinion on motion to certify questions, see 120 N. Y. Supp. 1006.

under Liquor Tax Law (Consol. Laws, c. 34), § 36, subd. 3, providing for forfeiture on two convictions of employés of the holder of a certificate.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 113, 115; Dec. Dig. § 106.*]

Laughlin and Houghton, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Herman D. Teschmacher against Maynard N. Clement, as State Commissioner, and another. From an order denying an injunction against seizing, removing, or canceling a liquor tax certificate, plaintiff appeals. Affirmed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

P. A. McManus, for appellant.
Frederick W. Stelle, for respondents.

SCOTT, J. This is an appeal from an order denying a motion for an injunction restraining the sheriff from taking possession of and removing the liquor tax certificate issued to the plaintiff.

Subdivision 3 of section 36 of the liquor tax law of 1909 (being a re-enactment of the former act) provides as follows:

"(3) If there shall be two convictions of clerks, agents, employés or servants of a holder of a liquor tax certificate for a violation of this chapter, the liquor tax certificate of the principal shall be forfeited, and the said principal shall be deprived of all rights and privileges thereunder, and of any right to any rebate of any portion of the tax paid thereon." Consol. Laws, c. 34.

Subdivision 8 of the same section makes it the duty of the holder of a forfeited certificate to surrender the same, and provides that in case of refusal a demand, as therein specified, shall be delivered to the sheriff for service, and he is thereupon required to make service of the demand, and take possession of the certificate. It is this act that it is sought to restrain.

The plaintiff held a liquor tax certificate issued for the term from May 1, 1908, to September 30, 1908. During that time, and on or about September 27, 1908, one of his employés was arrested upon a charge of having violated the liquor tax law. Plaintiff obtained a certificate for the period from October 1, 1908, to September 30, 1909, and during this period, and on or about November 29, 1908, another employé was arrested charged with a violation of the liquor tax law. On June 25, 1909, Andre, the employé first arrested, was tried and convicted of the offense for which he had been arrested on September 27, 1908. Three days later, on June 28, 1909, Hoffman, the employé secondly arrested, was tried and convicted of the offense for which he had been arrested on November 29, 1908. Thus there is presented the case of two convictions, both within the lifetime of one certificate, for two offenses, one committed during the lifetime of one certificate, and the other committed during the lifetime of another certificate.

The appellant contends that the statute should be read as if it provided that two violations of the liquor tax law by employés of the holder, if committed during the lifetime of the same certificate, shall

work a forfeiture. The only argument in favor of such a reading is that to construe the act as it is written would in this particular case work a hardship. That is not a sufficient reason for disregarding the plain language of the statute. Matter of Hering, 133 App. Div. 293, 117 N. Y. Supp. 747. What the statute plainly says is that two convictions shall work a forfeiture. The language is too plain to require construction, and, even if we are to assume that these two convictions must be had during the lifetime of a single certificate, that necessity is satisfied by the facts of the present case.

The order is affirmed, with $10 costs and disbursements.

INGRAHAM, J., concurs.

CLARKE, J. I concur on the ground that these two convictions occurred during the life of one certificate.

LAUGHLIN, J. (dissenting). I am of opinion that the court erred in denying the plaintiff's motion for an injunction. The only circumstances under which the action of the State Commissioner of Excise and of his deputy and of the sheriff would be warranted are where, as prescribed in subdivision 3 of section 36 of the liquor tax law, the liquor tax certificate has been forfeited because there have been "two convictions of clerks, agents, employés or servants of a holder of a liquor tax certificate for a violation of any provision" of the liquor tax law, for certified copies of such convictions are made the basis of the right of the sheriff to seize the liquor tax certificate to restrain which this action is brought. Subdivision 8, § 36, Liquor Tax Law. Where there have been two such convictions, then, by virtue of the provisions of said subdivision of section 36 of the liquor tax law, the certificate is forfeited, and it may lawfully be taken from the holder thereof by the sheriff on being duly authorized by the State Commissioner of Excise, or his deputy. If there have not been two convictions within the statute, then it cannot be maintained that the commissioner should be allowed to take the law into his own hands and attempt to seize the certificate for any other violation of law without a judicial determination of the question as to whether or not the certificate has been forfeited.

I am of opinion that the two convictions to which the Legislature in this subdivision refers must be two convictions during the life of the particular certificate sought to be seized, for, otherwise, there is no limit of either time or place to the application of the statute, and neither conviction need be had during the life of the certificate which it is claimed has been thus forfeited, but both may have been had before the certificate was issued or on account of offenses committed prior to the issuance thereof and in any other place within the state. The statute I think has reference to the relation of master and servant, or principal and agent, during the life of the particular certificate, the possession of which is sought to be obtained. Unless this be so, it is not material that the other violations were in the same premises or under the certificate for that or any prior year. The statute, in my opinion, must be construed as relating to violations during the

life of the certificate and with respect to the business authorized by the particular certificate, or there is no limitation of time or place,. excepting, perhaps, the boundaries of the state within which or where the violations may have occurred. It is reasonable to suppose that the Legislature might require that the holder of a liquor tax certificate,. on discovering that one employé, acting in the course of his employment, had violated the liquor tax law, or that a claim to that effect was made, and that the employé was convicted thereof, should exercise particular care to see that no other violation occurred during the life of that certificate; but it should require clear language to indicate a legislative intent that the holder should be debarred from the right to traffic in liquor for the period of three years, if 25 or 50 years after the first conviction any of his employés should happen to be convicted of a violation of the law committed in his absence.

There has been only one violation of the liquor tax law during the life of the certificate in force at the time this action was brought. The conviction of an employé does not establish the guilt of the principal,. and we have held that it does not establish the violation of the liquor tax law as against the holder of the liquor tax certificate, although on due proof of a violation by either the holder or the employé the certificate may be revoked and canceled. Subdivision 2, § 27, Liquor Tax Law. The Legislature has provided that two convictions of an employé work a forfeiture of the certificate, and I think that this shows that violations under that certificate only are intended to work such forfeiture. Liquor Tax Law, § 36, subd. 3.

I am of opinion, therefore, that the order should be reversed, and motion for injunction granted.

HOUGHTON, J., concurs.